ROSSEEL vs. WICKHAM.

A grantee, by accepting a deed containing an exception of certain lands previously sold and conveyed to another, and then entering into the possession of the lands thus excepted, will be deemed in law to have entered in subserviency to the title of the grantee of the excepted land, and to continue to hold in subserviency thereto; unless he can establish the contrary, by some clear and unequivocal act or claim of title in himself.

Thus, where W., in 1812, took a conveyance from L. of certain lands therein described, in which other lands were excepted, and the fact recited that the lots thus excepted had been previously sold and conveyed to B., and W. went into possession of the lands so conveyed, and of the lots excepted, at the same time, and occupied them from 1812 to 1860; *Held* that although W. had been in possession of the excepted lots for more than twenty years, his entry was not hostile to the title of those claiming under B., and his possession was not adverse to theirs, so as to bar a recovery of the possession of the lots, in ejectment.

APPEAL from a judgment ordered for the plaintiff at the circuit, after a trial before the court without a jury. The action was for the recovery of the possession of real estate. The justice before whom the action was tried found the following facts and conclusions of law: John Hornby, by deed bearing date November 6, 1804, conveyed to William N. Lummis a tract of land lying at Sodus Point, embracing the premises demanded in the complaint, who thereupon

went into possession and occupied the premises conveyed by said deed. William N. Lummis, by deed dated July 7, 1810, conveyed certain of the lands in the above mentioned deed described, covering, with other lands, the premises demanded in the complaint in this action, to Henry P. Borrekens. The said Henry P. Borrekens, by his certain indenture of mortgage, bearing date March 5, 1811, conveyed the said premises, to him conveyed by William N. Lummis, to David Parish. The mortgage was conditioned for the payment by Borrekens to Parish of the sum of $4500 with interest, on or before the first day of December then next. This mortgage was recorded in Ontario county on the 11th of March, 1811. Borrekens, by deed bearing date December 30, 1815, released and quit-claimed to the said David Parish the premises described in the mortgage, including the premises described in the complaint in this action. The said release was acknowledged on the day of its date, and recorded in the clerk's office of Ontario county on the 16th day of July, 1822. By chapter 2 of the laws of 1808, David Parish, a native of Hamburgh, was enabled to purchase any real estate within this state, and to hold and dispose of the same in like manner as a natural born citizen. David Parish was the son of a British subject, resident in Hamburgh, where said David and several brothers and sisters of said David were born, (none of whom were ever in this country except George, a brother of said David,) whose names are John, Richard, George, Charles, Harriet and Elizabeth. David, having never been married, died leaving his said brothers and sisters living near Vienna, Austria, in 1826, having made no will. George Parish, the brother of David, came to this country to reside in 1815, and continued a resident of this state until his death, which took place in April, 1839, at Paris, France. By chapter 243 of the laws of 1817, the said George Parish was enabled "to take real estate within this state, either by descent or purchase, and to hold and dispose thereof in like manner as a natural born citizen." George Parish, by will bearing date

August 10, 1827, proved and established as a will of both real and personal estate by and before the surrogate of the county of St. Lawrence, in July, 1839, gave, devised and bequeathed unto Joseph Rosseel, the plaintiff in this action, all his property and estate, whether real or personal. That defendant, at and before the service of the summons and complaint in this action, declared he was in possession of the premises demanded and described in the complaint, and declared that he thought he bought them of William N. Lummis. Lummis, by deed bearing date the 8th day of September, 1812, conveyed to the defendant Wickham certain premises therein described, the boundaries whereof include the premises in question, and containing an exception of the premises in question, reciting that the said excepted lands had been sold to Henry P. Borrekens, by deed bearing date the 7th of July, 1810. That the defendant, by deed dated and recorded in said county of Ontario on the 22d day of August, 1825, conveyed to Thomas Shipley the same premises as aforesaid conveyed by said Lummis to the defandant, with the same exceptions and recital. That said Shipley, by deed dated the 2d day of 10th month, 1833, and recorded in said county 29th May, 1837, reconveyed to the defendant the same premises, with the same exceptions and recital. That when the defendant purchased from Lummis the said lots, numbered seven and ten, separated by Antwerp street, as also said Antwerp street which was never opened, were inclosed in the same lot with the premises conveyed to the defendant, and that he had used and occupied the whole since 1812. That the other lots were fenced in by the defendant about the year 1830, and have been since then occupied by him. That by virtue of the several conveyances and will, the plaintiff became and now is seised in fee simple of the premises described in the complaint. That the defendant is now in possession thereof, and has been for more than twenty years previous to the commencement of this action, but that the entry of the said defendant was not hostile

to the plaintiff. That the defendant, within the said twenty years, has recognized the title of the plaintiff, and such entry of the defendant was not made under such claim or color of title as constitutes an adverse possession. And, therefore, that the plaintiff was entitled to a judgment that he recover the possession of the premises.

The defendant excepted to the decision of the justice, and appealed from the judgment.

*S. K. Williams,* for the appellant.

*Geo. G. Munger,* for the respondent.

*By the Court,* JOHNSON, J. The question whether George Parish took the premises in question by inheritance, as the heir of his brother David, is settled in the plaintiff's favor by the decision in *Parish* v. *Ward,* (28 *Barb.* 328.)

The only question, of any considerable importance, in the case, to be considered, is, whether the defendant has held the premises for twenty years, or more, last past, adversely to the plaintiff's claim of title.

The court, before whom the cause was tried, without a jury, has found as facts from the evidence, that the defendant, in 1812, took a conveyance from William N. Lummis of certain lands therein described, in which the lands in question were excepted, and the fact recited that these lots thus excepted had been sold and conveyed to Henry P. Borrekens by deed bearing date the 7th July, 1810. That the defendant went into possession of the lands so conveyed, and of the lands in question thus excepted from his conveyance, at the same time, and has occupied these lands ever since 1812. That the defendant, on the 22d of August, 1825, conveyed to Thomas Shipley the same premises granted to him by Lummis, by deed, which contained the same exceptions and recital as to the premises in question. And that Shipley, in October, 1838, reconveyed to the defendant the same premises, with the same exceptions and recital. The court further

finds that the defendant is in possession, and has been for more than twenty years, but that his entry was not hostile to the plaintiff's title.  Upon these facts it is impossible to hold as matter of law that there has been such a holding by the defendant as to bar the plaintiff's right of entry under his title, which is clear and undisputed, so far as it rests in conveyance from the real owner.  It seems to me entirely clear that the defendant by accepting such a deed, and then entering into possession of the lands therein excepted, and declared to have been conveyed by his grantor to another, must be deemed in law to have entered in subserviency to the title of such other, and to continue to hold in subserviency thereto ; unless he can establish the contrary by some clear and unequivocal act or claim of title in himself.  (*Fosgate* v. *Herkimer Manuf. and Hydraulic Co.*, 9 *Barb.* 287 ; *Same* v. *Same*, 12 *id.* 352.)  The seisin of a party once established is deemed to continue, although he leave the premises vacant, and another enters thereon.

Under our statutes, possession is not deemed adverse, unless the occupant entered under claim of title, exclusive of any other right, founding such claim upon some written instrument, as being a conveyance of the premises, or upon the decree or judgment of some competent court.  (2 *R. S.* 294, § 9.  *Code*, § 82.)  In all other cases the occupation is presumed to have been under the legal title, where one is established.  (2 *R. S.* 293, § 8.  *Code*, § 81.)

There is no pretense here that the defendant entered under any written conveyance of the land in question, or by virtue of any judgment or decree of any court.  He was a witness upon the trial, in his own behalf, and makes no such claim. He does, however, pretend that he supposed he had purchased of Lummis the land in question, at the same time he bought the land described in the deed.  But this is so utterly at variance with the deed he received from Lummis, and with his own deed to Shipley, that the court might well find as matter of fact from the evidence, that his entry was not hostile

to the plaintiff. He does not pretend to claim that the paper, which he says he received from Lummis to protect his possession against Borrekens, was in the nature of either a conveyance, or a contract to purchase. Indeed the defendant has so repeatedly and in such formal and solemn manner recognized and acknowledged the title under which the plaintiff claims, from the time of his first entry, that he ought now to be concluded, and estopped from disputing it. And such is the rule as between the defendant and his grantor and those claiming under the latter, in regard to the mere question of title, as evidenced by the recitals in the defendant's deed. (*Demeyer* v. *Legg,* 18 *Barb.* 14. *Torrey* v. *Bank of Orleans,* 9 *Paige,* 649. *Sinclair* v. *Jackson,* 8 *Cowen,* 586. *Carver* v. *Jackson,* 4 *Peters,* 83, 86.) The recital of a fact in a deed is evidence against the grantee, and the acceptance of the deed operates as an estoppel upon him and those who claim under him, as against the grantor and his assigns. It is unnecessary, however, to invoke the aid of this doctrine in this case, and indeed it is not strictly applicable to the case of a real claim of title by adverse possession. It bears, however, to a certain extent, upon the questions of the character of the defendant's original entry, and subsequent possession, and aids in determining the facts in regard to such entry and possession. Upon the whole, I am entirely satisfied that the learned judge at the circuit was *right* in the conclusion that the defendant's possession has never been adverse to the plaintiff's title.

The judgment must therefore be affirmed.

[MONROE GENERAL TERM, March 3, 1862. *Johnson, Smith* and *Welles,* Justices.]