THE ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY v. ANNA CONLON et al.

No. 11,851.* (63 Pac. 432.)

1. TITLE AND OWNERSHIP— *Way of Necessity.* A grantor in a deed excepted from the land conveyed a hundred-foot strip through the same theretofore taken by a railway company under condemnation proceedings, by virtue of which the railway corporation obtained title in fee. *Held,* that the grantee was not entitled to a way of necessity from one part of her land to another divided by the strip so condemned.

2. ———— *Prescriptive Right over Right of Way.* A railway company constructed a crossing over its track and ties and put gates in its fences for the benefit of the owner of land so situated, by whom the same were used in passing from one part of her farm to the other for more than fifteen years. During that time the railway company maintained said crossing and gates. *Held,* that the landowner was a mere licensee, and could not, by use of the crossing for the time stated, obtain a prescriptive right to the same.

*For opinion by the court of appeals, see 9 Kan. App. 338, 61 Pac. 321.—REP.

Error from court of appeals, northern department; JOHN H. MAHAN, ABIJAH WELLS, and SAM'L W. MC-ELROY, judges.  Opinion filed January 5, 1901.  Reversed.

*A. A. Hurd, O. J. Wood,* and *W. Littlefield,* for plaintiff in error.

*Charles J. Conlon,* for defendants in error.

The opinion of the court was delivered by

SMITH, J. : This was a suit brought by the railway company to enjoin the owner of a farm through which its road runs from removing, breaking down and opening the fences enclosing the right of way.  The facts may be briefly stated : The farm consists of about 200 acres.  In August, 1864, the Atchison & Pike's Peak Railroad Company condemned a right of way 100 feet wide over and through it.  Thereafter the Central Branch Union Pacific Railroad Company became the successor of the Atchison & Pike's Peak road and acquired said right of way, and has ever since run its trains over it.  At the time this 100-foot strip was so condemned the real estate was owned by James Baldwin.  Under the law as it then existed, the railroad company acquired a fee-simple title to the land taken by condemnation for right of way.  (Laws 1864, ch. 124; *K. C. Rly. Co. v. Allen,* 22 Kan. 285.)  In September, 1870, James Baldwin sold the farm to James Conlon, with the following exception contained in the deed : "The right of way has been given to P. P. railroad by said Baldwin."  In June, 1872, James Conlon conveyed to William Bowen with the same recital in his deed.  On July 26, 1872, Bowen deeded the land to Anna Conlon by similar conveyance.

27—62 KAN.

In 1872 the Atchison, Topeka & Santa Fe Railroad Company, of which plaintiff in error is the successor, acquired by condemnation a strip of land 42½ feet wide on the south side of, and within, the 100-foot strip formerly acquired in fee by the Atchison & Pike's Peak Railroad Company. The Santa Fe road was built in 1873. Before the latter took possession of the 42½-foot strip condemned, the Central Branch Union Pacific railroad had put in a plank crossing over its rails for the accommodation of Mrs. Conlon, and at about the same time fenced the track, but provided gates through which the owner of the land might go from one part of her farm to the other. Immediately after constructing its road over the land, in 1873, the Santa Fe company laid a crossing of planks over its track and ties directly south of the crossing put in by the Central Branch company, and corresponding therewith. This crossing was maintained by the plaintiff in error and its predecessor from the time mentioned until May, 1897. In 1882 the Santa Fe company enclosed its right of way with a lawful fence and built therein gates opposite the crossing.

This crossing has been in use by the owner of the farm since the construction of the railroads, principally for driving cattle from the north to the south side of the land, and *vice versa*. In February, 1897, the railway company notified Mr. James Conlon, the husband of Anna Conlon, that unless the gates were kept closed, except when in actual use, they would be taken out and the openings shut. In May following, the company caused the gates to be nailed up and the crossing removed, notifying Mr. Conlon of its action. Thereupon the latter cut down the wires and left the space open where the gates were located.

In her answer and cross-petition the defendant be-
low claimed a prescriptive right to use and enjoy the
crossing, and the district court found that she was the
owner of and entitled to a right of way across the
right of way of plaintiff under such title.  This judg-
ment was affirmed by the court of appeals.  After the
commencement of the suit in the court below Anna
Conlon died, and the action has been revived in the
name of her heirs.

It is claimed by counsel for defendants in error that
the crossing over the railroad-tracks was indispensable
to the use of the farm and constituted a
way of necessity.  It is unnecessary to
dwell on this contention.  When James Conlon bought
the land his grantor excepted in his deed the 100-foot
strip, the fee of which had been taken from him by
condemnation proceedings.  The grantee obtained no
title to it.  He was in the same situation as if Bald-
win, the grantor, had made two deeds, one to the
land on the south and the other to the land on the
north of the right of way.  Conlon's deed to William
Bowen contained the same exception.  The convey-
ance to Anna Conlon by Bowen also excepted the 100-
foot strip.  She bought land situated on both sides of
a railway, with a fee-simple proprietor owning an es-
tate between the two tracts at the time she took title.
No rule of law will permit her to assert a dominant
estate, from necessity, in any part of the intervening
property.

1. Way of necessity.

The question remains whether, under the circum-
stances of this case, a prescriptive right to the cross-
ing was obtained by a use of the same
for more that fifteen years.  The testi-
mony shows that the railroad company made, in the
first instance, and maintained during all the time of

2. Prescriptive right.

its use, a crossing of planks and earth suitable to the requirements of the landowner.   Gates also were provided and kept in repair by the company without expense to her.   In Jones on Easements, section 282, it is said :

"If the use of a way over one's land be shown to be permissive only, no right to use it is conferred, though the use may have continued for a century, or any length of time."

Defendants in error assert a right of easement based on adverse enjoyment.   Unless their ancestor used the crossing under a claim of right, and not as a privilege revocable at the pleasure of the railroad company, they have no defense to the action brought in the district court by plaintiff in error.   There was no express contract or agreement between the parties at the time the crossing was first built and put into use by the landowner.   The latter did not, at the beginning, claim adversely to the railroad company, but, on the contrary, the conduct of the parties shows clearly that a permissive privilege was given to her as a licensee merely.   This status of the parties originally existing was no wise subsequently changed, unless the fact of the continued use of the crossing for more than fifteen years by Anna Conlon finally expanded into greater rights than she had at the beginning.   A presumption of continuance obtains when a state of facts is once shown.

In *Dewey v. McLain*, 7 Kan. 126, 133, Mr. Justice Brewer quoted approvingly from *Jackson v. Parker*, 3 Johns. Cas. 124, as follows :

"An entry *adverse* to the lawful possessor is not to be presumed.   It must appear by proof.   .   .   . The statute of limitations *could not begin to run* until the possession of the defendant was *avowedly* held in opposition to the right of the heirs."

In *Kirk v. Smith*, 9 Wheat. 241, 288, 6 L. Ed. 81, 82, Chief Justice Marshall, delivering the opinion, said :

"It would shock that sense of right which must be felt equally by legislators and judges, if a possession which was permissive, and entirely consistent with the title of another, should silently bar that title. Several cases have been decided in this court in which the principle seems to have been considered as generally acknowledged ; and in the state of Pennsylvania particularly it has been expressly recognized. To allow a different construction would be to make the statute of limitations a statute for the encouragement of fraud—a statute to enable one man to steal the title of another by professing to hold under it. No laws admit of such construction."

Mere use under a naked license, however long continued, cannot ripen into a prescriptive right. In Indiana an appellant alleged in his complaint that for fifty consecutive years a way had existed over the appellee's land ; that for twenty years the way had been open to the appellant as an easement, and that he and his grantors had been permitted by the appellee and his grantees to use the way uninterruptedly for fifty years, and that in March, 1883, the appellee wrongfully closed up the way. It was held that under the facts so pleaded the appellant had a mere naked license to use the land, and such license was revocable at the pleasure of the licensor. (*Parish v. Kaspare*, 109 Ind. 586, 10 N. E. 109.)

In the present case there is an absence of hostility to the rights of the railway company. The facts proved show that the possession and use by Anna Conlon were not adverse in their inception, but, on the contrary, began in a spirit of accommodation to her by the company. The repair of the crossing and the maintenance of gates by the latter for more than fifteen years, and the landowner's use of the same,

show that the privilege extended in 1873 was recognized as such by her during the time mentioned. (*Dewey v. McLain*, supra; *Bennett v. Biddle*, 140 Pa. St. 396, 21 Atl. 363; *Dexter et al. v. Tree et al.*, 117 Ill. 532, 6 N. E. 506; *Rosseel v. Wickham*, 36 Barb. 386.)

The judgments of the court of appeals and the district court will be reversed and a new trial granted.