BARRIE et al. v. CAROLAN et al.

(Circuit Court, N. D. California. August 12, 1901.)

No. 13,087.

ACTIONS AGAINST MARRIED WOMEN—COMPLAINT.
 Complaint in an action against husband and wife for value of books sold the wife on orders of purchase signed by her is insufficient, it not appearing otherwise than inferentially whether it is sought to charge her separate estate or their community estate, there being a possibility of the debt being collectible against either estate under Civ. Code Cal. §§ 167, 171, though the wife should not be joined with the husband as defendant unless it is intended to hold the community property liable.

At Law. On demurrers to complaint.

Jellett & Meyerstein, for plaintiffs.
Joseph S. Tobin and F. S. Brittain, for defendants.

MORROW, Circuit Judge. This is an action at law, brought by the plaintiffs against Harriet Pullman Carolan and Francis Carolan, her husband, to recover the value of certain books sold by the plaintiffs to the defendant Harriet Pullman Carolan upon orders of purchase signed by her. The plaintiffs are citizens of the state of Pennsylvania, and the defendants are citizens of the state of California. The defendants demur to the complaint upon the ground of insufficiency; that no cause of action is stated against the defendant Francis Carolan, and that as against the defendant Harriet Pullman Carolan the complaint is ambiguous, unintelligible, and uncertain, in that it does not appear whether it is sought to charge the said defendant upon her separate estate, or to charge the defendant Francis Carolan by reason of the acts of the said Harriet Pullman Carolan. It appears from the complaint that the books in controversy were

purchased by Mrs. Carolan after marriage, and that the contracts of purchase were signed by her alone. No allegation is made that the books so purchased were the separate property of Mrs. Carolan, or that her separate estate is to be charged therefor; neither is there any allegation charging the community estate with the alleged debt, or the defendant Francis Carolan, as the husband, in control of the community estate. By the law of this state governing the rights and duties in this case, all property acquired after marriage by either the husband or the wife, except such as may be acquired by gift, bequest, devise, or descent, shall be common property (sections 162, 163, 164 Civ. Code), and subject to the exclusive management and control of the husband (section 172, Id.). This community property may be liable for the contracts of the wife made after marriage, when secured by a pledge or mortgage thereof executed by the husband. Section 167, Id. Provision is made for the maintenance of the wife's separate estate, and its liability for her own debts contracted before or after marriage. Section 171, Id. It is therefore incumbent upon a plaintiff, in bringing an action to recover upon the debt of a married woman, to specify not only the manner in which the debt was incurred, but the estate chargeable with the debt, where there is a possibility of the debt being collectible against either estate. If it is intended to hold the community property liable, the wife should not be joined with the husband as a defendant. Spreckels v. Spreckels, 116 Cal. 339, 48 Pac. 228, 36 L. R. A. 497. If it is sought to charge the wife upon her separate estate, special averment should be made in the complaint to that effect, that the contract was made by her individually, and inured to the benefit of the wife's separate estate. In the complaint under examination the defendants are informed only inferentially as to the particular estate which the plaintiffs seek to charge with the debt. It is a cardinal rule of pleading that the facts set forth shall be alleged with such certainty that they can have but a single meaning, to the exclusion of argument or inference with regard thereto. For this reason the demurrer will be sustained upon the ground mentioned, with permission to amend the complaint. As to the other grounds urged by counsel, the demurrer will be overruled.