[Sac. No. 1724.   Department One.—April 28, 1910.]

HENRY L. DAVIS et al., Appellants, v. ANN MARTIN et al., Respondents.

WATER-RIGHTS—STREAM RISING ON LANDS OF DEFENDANTS—PERMISSIVE USE BY PLAINTIFFS—FINDINGS—SUPPORT OF JUDGMENT.—In an action to determine water-rights as against the defendants in a stream arising on the Martin Ranch, owned by the Martins, defend-ants, where it was found that surplus waters were first permitted to flow to adjoining lands owned by other defendants, and that the use by plaintiff as lower owners was with the consent and permission of the Martin owners, who had complete control of the stream, that plaintiffs purchased no water and did not use it under a claim of right, such findings were sufficient to support a judgment for the de-fendants.

ID.—SUBMISSION OF ISSUES TO JURY—ADOPTION BY COURT—ADDITIONAL FINDING.—Where the court submitted special issues to a jury which were adopted by the court, an additional finding in answer to a

CLVII Cal.—42

question submitted by the jury and adopted by the court that the water used on the Martin and Walbridge premises "was used by the consent of the Martins and the interference of plaintiffs," does not import any adverse use by plaintiffs, but merely the interposition of a ditch for the Walbridge Ranch by permission of the owners of the Martin Ranch.

ID.—CONSTRUCTION OF FINDINGS.—Findings are to be reconciled, if possible, and given that interpretation which will support the judgment if such interpretation is reasonable. The finding in question cannot be construed as a contradiction of the other findings to the effect that the use of the water was by the consent and permission of the owners of the Martin Ranch.

ID.—PARAMOUNT RIGHTS OF OWNERS OF MARTIN RANCH.—The owners had paramount rights in the waters of the stream arising on their lands which were paramount to the rights of any appropriator.

ID.—PERMISSIVE USE—LENGTH OF TIME IMMATERIAL.—No length of time of use by permission will gain a title or right by prescription.

ID.—FACTS NOT CONSTITUTING ESTOPPEL.—There was no license to defendants to construct a ditch on plaintiff's land, and there was no license to use the water which was of a continuing nature, but a mere permissive use thereof when not interfering with plaintiff's rights. There was no act of the Martin owners foregoing any paramount right to use the whole water when needed on the Martin Ranch. Plaintiffs asked permission and were sometimes refused it. There were, therefore, no facts constituting an estoppel in favor of the plaintiffs against the defendants.

ID.—COURT NOT BOUND TO SUBMIT SPECIAL ISSUES TO JURY AT PLAINTIFF'S REQUEST—ADVISORY VERDICT.—Where the court calls a jury in an equity case its function is merely advisory to the court, and the court is not bound to submit any interrogatories to the jury at the request of the plaintiffs. It was within the sound discretion of the court to put such questions to the jury as it saw fit.

APPEAL from a judgment of the Superior Court of Siskiyou County and from an order denying a new trial. J. S. Beard, Judge.

The facts are stated in the opinion of the court.

A. L. Shinn, and James F. Farraher, for Appellants.

Gillis & Gillis, R. S. Taylor, and Jas. R. Tapscott, for Respondents.

SHAW, J.—The controversy in this action involves the respective rights of the parties to the use of the waters of a stream known as Martin Creek, which rises in the eastern

part of the lands of the defendants, Ann Martin and Brice M. Martin, known as the Martin Ranch, and flows westerly through said ranch to the Little Shasta River, having a maximum flow, during the irrigating season, of three hundred miner's inches measured under a four-inch pressure.

The plaintiff H. L. Davis is the owner of a tract of land containing something over seven hundred acres, situated about a mile south of the Martin Ranch. The plaintiffs J. E. Beaudroit, Jennie Beaudroit, and Louisa Beaudroit own a tract of land adjoining that of Davis, containing about three hundred and eighty acres. The defendants Churchill Company and Milton F. Martin own a large tract of land immediately south of and adjoining the Martin Ranch aforesaid and known as the Walbridge Ranch. In 1852 R. M. Martin, the predecessor in interest of Ann Martin and Brice M. Martin, settled upon the lands known as the Martin Ranch, and from and after the year 1856 he and his successors used the waters of the stream for the irrigation of said lands. For that purpose they constructed a ditch to carry the waters of the stream southerly therefrom to portions of the Martin Ranch adjoining the said Walbridge Ranch. Prior to 1859, by consent of the owners of the Martin Ranch, the owners of the Walbridge Ranch extended the ditch to said Walbridge Ranch, and thereafter, with the consent and permission of the owners of the Martin Ranch, they used a portion of the waters of said stream for the irrigation of portions of the said Walbridge Ranch. In 1859, the owners of the Davis and Beaudroit ranches aforesaid extended the ditch from its termination on the Walbridge Ranch southerly to the lands owned by them, and thereafter, at times when it was not used on either the Martin Ranch or Walbridge Ranch, they used some of the waters of said stream, usually one fourth thereof, for the irrigation of their lands, obtaining it through and by means of said ditch, with the consent and permission of the owners of the Martin Ranch. The plaintiffs Davis and the Beaudroits now claim a right by appropriation to a part of the waters of said stream and the right to maintain the said ditch from the point of diversion upon the stream to their lands for the purpose of carrying to said land their portion of the waters of said stream. Defendants Ann Martin and Brice M. Martin deny this right and assert that Davis and the Beaudroits have no right or interest

in the water. The owners of the Walbridge Ranch seem to stand indifferent between the other two parties. Whatever claim they may have in and to the waters of the stream is derived from the owners of the Martin Ranch, and between these two there is no controversy.

Although the action was equitable in its nature, the court called a jury and submitted certain issues of fact, in the form of questions, which were answered by the jury and adopted as part of the findings of the court. It was found that the ditch leading from the stream was extended from the Walbridge Ranch to the lands of the plaintiffs about the year 1860, with the knowledge and consent of the owners of the Martin Ranch, and that thereafter until the present action was begun, whenever the water could be obtained from the Martins, the ditch was used by the plaintiffs in common with the owners of the Walbridge Ranch, but that the plaintiffs did not purchase or otherwise obtain any right from the defendants or their predecessors to enter upon the ditch, or to extend the same. It was further found that the use of the water of the said stream by the plaintiffs was with the consent and permission of the owners of the Martin Ranch, and that during all this time the defendants, Ann Martin and Brice M. Martin, and their predecessors in interest, owners of the Martin Ranch, had complete control of the ranch, of the water of the stream, and of the ditch so far as it extended over said ranch, and used the same in common with plaintiffs, but that the plaintiffs did not make use of the waters of the stream under a claim of right. On these findings judgment was given in favor of the defendants.

In addition to the facts above found, the court adopted a question put to the jury and an answer thereto, which are as follows:—

"32. To what extent, if any, have the plaintiffs, or their successors in interest, by act or word or otherwise, recognized or conceded the right of R. M. Martin and his successor in interest to use the waters of said Martin Creek, in excess of ninety inches thereof, measured under a four-inch pressure, on the Martin premises, and about eighty inches, measured under a four-inch pressure, on the Walbridge premises?

"Answer. It was used by the consent of the Martins and by the interference of the plaintiffs."

Plaintiffs claim that by this answer an adverse use was established sufficient to give them title to the waters in excess of the amounts mentioned. We do not think it has this effect. Findings are to be reconciled if possible and they are to be given that interpretation which will support the judgment if such interpretation is reasonable. It is somewhat difficult to understand exactly what was meant by this question and answer. But it is clear that it cannot be construed as a contradiction of the other findings to the effect that the use of the water was by the consent and permission of the owners of the Martin Ranch.

Upon these facts judgment was rightfully given against the plaintiffs. The Martin Ranch abutted upon the stream and the riparian rights attaching to said lands by reason of this contiguity were paramount to the rights of any appropriator. Being the owners of the land bordering its banks, they could control its flow and prevent others from diverting it at any point on their lands. There was no evidence or finding that the plaintiffs ever obtained by purchase or grant from the owners of the Martin Ranch any right whatever either to maintain the ditch over that ranch, or to use the water of the stream. They could not obtain it in any other way except by prescription or possibly by way of estoppel. No length of time of use by permission will gain a title or right by prescription. The facts are insufficient to constitute an estoppel, either as to the ditch or the water. In *Stoner* v. *Zucker*, 148 Cal. 516, [113 Am. St. Rep. 301, 83 Pac. 808], Zucker's right to the water was not disputed. He had constructed a ditch to carry it through the land of Stoner, under a parol license from Stoner, at an expense of more than seven thousand dollars. The revocation of the license would cause Zucker to lose the use of the ditch. It was held that after such expenditure upon the faith of a license which from its very nature was to be continuous in use, it could not be revoked by the owner of the land over which the ditch passed. In this case the plaintiffs did not construct any ditch over the lands of the defendants. There was no license to make such ditch and no license to use the water that was of a continuing nature. The finding is that the water was used by permission. The evidence tends to show that R. M. Martin, the owner of the Martin Ranch, was a man of generous nature and that at times when he did not find it

necessary or convenient to use the water of the stream, he freely allowed it to run through his ditch across his land and permitted his neighbors, including the plaintiffs, to make use of it as they desired. There is no evidence that he ever promised that he would continue to allow this use, or that he would allow them to use it at all when the water was required on his own land. It does not appear that the plaintiffs were, by any act of the owners of the Martin Ranch, given reason to believe that this permission was to be permanently continued, or to believe that it was or would be recognized as a right. There was some evidence tending to show that the plaintiffs and their predecessors always succeeded in obtaining some water from the creek whenever they desired it. It appears, however, that application therefor was always made to the owners of the Martin Ranch when they were using the water at the time, that sometimes the plaintiffs were refused any part of the water, and from all the evidence it is a fair inference that the plaintiffs and their predecessor always recognized the superior right of the Martins to the water and yielded to their wishes. In addition to this there is direct evidence that for many years immediately preceding the action the owners of the Martin Ranch had exercised complete control over the diversion of the water from the stream, and that the only part thereof which the plaintiffs succeeded in obtaining for use on their land was such waste waters as the owners of the Martin Ranch allowed to pass through the ditch beyond their boundaries.

The plaintiffs complain that the court refused to put to the jury certain interrogatories requested by the plaintiffs. No error can be predicated upon such a ruling in a case of this character. It was a suit in equity and the jury was merely advisory. It was within the sound discretion of the court to put to the jury such questions as it saw fit. It was neither compelled to call a jury at the demand of the plaintiffs, nor to put to them any questions of fact for their determination. We find no prejudicial error in the record.

The judgment and order denying a new trial are affirmed.

Angellotti, J., and Sloss, J., concurred.

Hearing in Bank denied.