## KELL v. BUTLER.

### Opinion delivered February 21, 1921.

EASEMENTS — PRESCRIPTION — PERMISSIVE USE.—Continuance for the statutory period of the use of a ditch permissive in its inception will not ripen into a hostile right.

Appeal from Carroll Chancery Court, Eastern District; *B. F. McMahan,* Chancellor; reversed.

*Johnson & Simpson,* for appellant.

The court erred in holding that appellee acquired an easement by adverse possession for drainage purposes over his land. Appellee had no easement over the land by grant or reservation or by adverse possession. 14 Cyc. 1144; 19 Ark. 23. A mere permissive use of the land of another for any length of time confers no right of continued enjoyment. 14 Cyc. 1201; 19 Ark. 23. Appellee had no easement, and the chancellor erred in so holding.

*Roy Thompson* and *Andrew J. Russell,* for appellee.

1. The findings of the chancellor as to facts are clearly sustained by the clear preponderance of the evidence.

2. The doctrine of easements by prescription rule this case. Butler's possession was not only open and notorious but hostile and adverse. 79 Ark. 5.

3. Kill is estopped; the purchase of the right to remove the dirt from either side of the ditch forms the basis for invoking the principle of law enunciated in 221 S. W. 454, citing many cases. 19 Ark. 23; 49 *Id.* 503; 93 *Id.* 608; 54 *Id.* 519.

4. The question of *license* is involved—in view of the evidence—and this is equivalent to an easement. 25 Cyc. 646. If a license merely, it can not be revoked under the law and the proof here. 47 Ark. 66; 19 *Id.* 23; 88 Cal. 217; 22 Am. St. Rep. 298; 120 Ga. 760; 48 S. E. 332; 33 Pa. St. 169.

5. There were *mutual benefits,* as the evidence proves, and appellee has established an easement by prescription, and appellant is bound by equitable estoppel.

HUMPHREYS, J. Appellee instituted suit against appellant in the Eastern District of the Carroll Chancery Court to enjoin him from obstructing a ditch on his land, which served to carry water from appellee's adjoining land to the main ditch, which served as the drainage for that particular section, alleging as a ground for the injunction that appellee had acquired an easement to the ditch.

Appellant filed answer, denying all the material allegations in the bill. The cause was submitted to the court upon the pleadings and the evidence, which resulted in a decree enjoining appellant from obstructing the ditch. From that decree, an appeal has been duly prosecuted to this court, and the cause is here for trial *de novo.*

Appellee is the owner of ten acres in the northeast corner of the southwest quarter of the northwest quarter, section 36, township 20 north, range 25 west, in said county. Appellant is the owner of the balance of the 40. Appellee purchased the 10-acre tract from Jim Fanning, who at the time owned the entire 40, in the year 1909. A portion of the tract was low and wet at the time he purchased it. A branch ran through the 30-acre tract, which carried the drainage water from that particular section. In the year 1910, appellee cut a ditch on his 10-acre tract, and, for the purpose of reaching the main ditch by a shorter route, continued the ditch across the 30-acre tract for about twenty-nine feet until it intersected said branch. The ditch dug by him on the 30-acre tract was very narrow and about two feet deep. At this time there was no division fence between the 10 and 30-acre tracts —that portion of the thirty acres, upon which the ditch was dug, being in the woods. Afterward, Jim Fanning sold the 30-acre tract to Mr. Grove, who sold it to Carl Freeman. On November 7, 1913, appellant purchased the 30-acre tract from Carl Freeman. Appellee and his son, Fred Butler, testified that, at the time they

dug the ditch on the 30-acre tract, Jim Fanning, the then owner of said tract, gave appellee oral permission to dig the ditch. Jim Fanning testified that they dug the ditch without any permission from him. In the year 1915, appellee bought some dirt on each side of the ditch for the purpose of filling his land and widening the ditch. The banks were beveled so that stock might pass from one side to the other. Appellee paid appellant $1 and a part of a straw stack for the dirt. It was possible for appellee to drain his tract of land through a ditch entirely upon his own land, by an expenditure of about $100. After the division fence was built on the line between the 10 and 30-acre tracts, appellant and his grantors were in actual possession of the land on which the ditch was dug and paid the taxes thereon. A controversy arose between appellant and appellee as to appellee's right to use the ditch, whereupon appellant placed obstructions therein and this suit was instituted.

Appellant insists that the court erred in holding that appellee had acquired an easement by adverse possession for drainage purposes over his land. We think appellant correct in this contention, as the evidence shows only a permissive use of the land for an indefinite period of time. The right to dig and use the ditch for drainage purposes was entirely permissive. No consideration was paid for the right, and no valuable improvements were made on account of it. The ditch itself was only twenty-nine feet long and two feet deep and very narrow. "A user to ripen into a prescriptive right must be adverse, not by license or favor, but under a claim or assertion of right hostile to the rights of the owner, so as to expose the claimant to an action of trespass if his claim is not well founded." 14 Cyc. 1150. It is true that appellee used the ditch for drainage purposes for more than seven years, but a "continuance for the statutory period of a use permissive in its inception will not ripen into a hostile right." 14 Cyc. 1150. "A mere permissive use of lands of another for any length of time confers no rights of continued enjoyment. The owner may prohibit

the use or discontinue it altogether at his pleasure as long as it is merely permissive.'' 14 Cyc. 1150. The evidence fails to show that appellee renounced the permissive use of the ditch for drainage purposes and thereafter claimed adversely for the period of seven years. The holding during the entire period was under the original permission to dig and use the ditch.

For the error indicated, the decree is reversed and the cause remanded with directions to dismiss appellee's bill for the want of equity.