(No. 5134.  April 30, 1929.)

FARMERS' COOPERATIVE IRRIGATION COMPANY, LIMITED, a Corporation, Appellant, v. L. L. AL-SAGER, M. M. CHRISTENSEN, ALLEN GATFIELD, THOMAS J. COONROD, HOWARD HARPER, WAL-TER LARKIN, FRED WEST, ANDREW SOREN-SEN, CHARLES GAYFORD and EARL FRUIT COMPANY, a Corporation, Respondents.

[277 Pac. 430.]

Freehafer & McClure, for Appellant.

Finley Monroe, for Respondents.

Chas. M. Kahn, for Respondent Earl Fruit Co.

GIVENS, J.—The Farmers' Cooperative Irrigation Company owns and operates a main canal known as the Farmers' Canal distributing water from the Payette River to many hundreds of users. The lands of the defendants lie along a lateral taking its water from another canal. This lateral runs roughly at a right angle to the Farmers' Canal and crosses it below Emmett. Prior to 1904 this crossing was accomplished by means of a syphon. In 1904 a wooden

flume was built; this was replaced about 1910 by another wooden flume and in 1924 by a concrete flume.

When the first wooden flume was constructed, at the request of some of the defendants the officials of the Farmers' Canal who were in charge of the construction of this flume and others along its right of way, agreed to leave an opening in the flume to permit the excess waste water in the lateral to run into the canal. This same permission was granted when the wooden flume was rebuilt.

In 1923 a serious break occurred in the Farmers' Canal and thereafter it was determined by the officials in charge to forbid the wasting of water into the canal from the various laterals which crossed its right of way.

When the concrete flume was constructed in 1924, permission was again sought to have an opening left in it but such request was refused.

In 1925 the officials of the Farmers' Company were vigilant in preventing the wastage of any water into their canal. In 1926, however, some of the defendants made an opening from their lateral into the canal in such a way as again to dispose of their waste waters. This was closed up by employees of the ditch company and immediately reopened by some of the defendants. This occurred several times during the 1926 irrigation season.

In October, 1926, plaintiff company commenced this action asking that defendants be restrained from causing or permitting any of their irrigation waters to be conveyed on or into the right of way or canal of plaintiff. Defendants contend that they have acquired a right by prescription so to dispose of their waste waters.

The trial court found that the wasting of water in substantially the same amount had continued for more than five consecutive years immediately preceding the commencement of this action, and that such use had been with the knowledge and acquiescence of the plaintiff and had been continuous, uninterrupted, adverse, open and notorious. The court held that an easement had been acquired by prescription, and denied the injunction.

We ·do not believe that the evidence, which is substantially without conflict, sustains the findings of the trial court. The evidence shows that the permissive use which commenced in 1904 continued as such until the construction of the concrete flume in 1924. The rule is well established that a use that is permissive in its inception does not ripen into an adverse use, giving rise to a prescriptive right, until something is done to bring notice to the owner that the character of the use has changed. (*Kell v. Butler,* 147 Ark. 521, 227 S. W. 774; *Conaway v. Toogood,* 172 Cal. 706, 158 Pac. 200; *Davis v. Martin,* 157 Cal. 657, 108 Pac. 866; *Horne v. Hopper,* 72 Colo. 434, 211 Pac. 665; *Atchison, T. & S. F. Ry. Co. v. Conlon,* 62 Kan. 416, 63 Pac. 432, 5 L. R. A. 781; *Bridwill v. Neltner,* 173 Ky. 847, 191 S. W. 633; *Godman v. Jones,* 180 Ky. 217, 202 S. W. 662; *Schulenbarger v. Johnstone,* 64 Wash. 202, 116 Pac. 843, 35 L. R. A., N. S., 941; Jones on Easements, sec. 179 et seq.; 1 Wiel on Water Rights, sec. 587; 1 Cal. Jur., pp. 546, 599. See, also, *Last Chance Ditch Co. v. Sawyer,* 35 Ida. 61, 204 Pac. 654.)

Plaintiff interrupted the permissive use in 1925 and a use adverse to the ·plaintiff and under a claim of right did not commence until 1926, and continued for but a single irrigation season prior to the commencement of this action. This period is insufficient to give an easement by prescription. (*Last Chance Ditch Co. v. Sawyer, supra.*)

The facts in this case warrant injunctive relief. If defendants are allowed to continue to dispose of their waste waters into plaintiff's canal under a claim of right, such use will eventually burden plaintiff's right of way with an easement. The rule in this respect applicable to irrigation questions seems to be that as to rights not dependent on use, an injunction will be granted to restrain their violation even though such violation results in nominal damages only. (*Webb v. Portland Mfg. Co.,* Fed Cas. No. 17,322; *Centerville Irr. Co. v. Sanger Lumber Co.,* 140 Cal. 385, 73 Pac. 1079; *Learned v. Castle,* 78 Cal. 454, 18 Pac. 872, 21 Pac. 11; *Eells v. C. & O. Ry. Co.,* 49 W. Va. 65, 87 Am. St. 787, 38

S. E. 479; *White v. Chapin*, 12 Allen (Mass.), 516; Wiel on Water Rights, secs. 222, 642.)

Error is assigned because the trial court dismissed the action as to two of the defendants, the Earl Fruit Company and Charles Cayford. It is admitted that seepage water from the lands of these defendants did not drain into the lateral but plaintiff urges that some of the live water turned into the lateral for their use, and not used, might reach plaintiff's ditch and be wasted into it.

The complaint alleged that all the defendants were permitting large quantities of water to waste into plaintiff's canal. No distinction was drawn between any of the defendants or between seepage water and unused live water. In their respective answers both Cayford and the Earl Fruit Company admitted that they had permitted some of their water to flow into plaintiff's canal and there is some evidence to this effect. We believe the trial court erred in dismissing the action as to these defendants. If they were not allowing any of their water, seepage or live, to empty into appellant's canal, the injunction could not harm them; if they were, their rights were no greater than those of the other defendants and they should have been similarly restrained. The motion to dismiss should have been denied.

The decree is reversed with instructions to the trial court to enter a decree in favor of appellant.

Costs awarded to appellant.

Budge, C. J., Wm. E. Lee and Varian, JJ., and Baker, D. J., concur.