NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

LIONS CLUB OF ALBANY,
CALIFORNIA,

           Plaintiff-counter-
           defendant-Appellee,

  v.

CITY OF ALBANY; ROCHELLE
NASON,

           Defendants-counter-
           claimants-Appellants,

  v.

THE ALBANY LIONS CLUB
FOUNDATION,

           Counter-defendant-Appellee.

No.    18-17046

D.C. No. 3:17-cv-05236-WHA

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

Argued and Submitted July 18, 2019
San Francisco, California

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: PAEZ and RAWLINSON, Circuit Judges, and ANELLO,[**] District Judge.

The City of Albany, California (City) and its mayor, Rochelle Nason (together, Appellants) appeal the district court's order granting summary judgment in favor of Appellee, the Lions Club of Albany, California (Lions Club) on Appellants' counterclaims.

During the early 1970s, the Lions Club built a 20-foot, illuminated cross (the Cross) on a hilltop-parcel (Parcel) owned by Hubert and Ruth Call (together, the Calls). In 1973, the Calls granted the Lions Club an easement (the Easement) for ingress and egress to maintain the Cross. A multi-party real estate deal resulted in the sale of the Calls' Parcel, burdened by the Easement, to a developer. The City accepted title to the Parcel from the developer. *See Thomson v. Call* (*Call II*), 699 P.2d 316, 321 (Cal. 1985). At the close of escrow, the Easement deed was recorded ahead of the deed conveying the Parcel to the developer. *See id.* at 320-21. As a party to the escrow, the City conceded that it had constructive notice of the Easement and the Cross when it accepted the Parcel from the developer.

In 2017, the Lions Club filed a complaint alleging that the City's efforts, beginning in late 2015, to remove the Cross and abate the Easement were unlawful.

---

[**] The Honorable Michael M. Anello, United States District Judge for the Southern District of California, sitting by designation.

2

Appellants asserted trespass, nuisance, quiet title, and declaratory relief counterclaims. The district court granted summary judgment in favor of the Lions Club on Appellants' counterclaims, and Appellants timely appealed.[1]

We apply *de novo* review to a district court's decision on cross-motions for summary judgment. *See Freedom From Religion Found., Inc. v. Chino Valley Unified Sch. Dist. Bd. of Educ.*, 896 F.3d 1132, 1142 (9th Cir. 2018). "We view the evidence in the light most favorable to the nonmoving party and evaluate whether there are any genuine issues of material fact and whether the district court correctly applied the substantive law." *Id.* (citation, alterations and internal quotation marks omitted).

Contrary to Appellants' contentions that the Easement is invalid and unenforceable because the Easement's purpose violates the United States and California Constitutions, the district court correctly determined that the Easement was valid at the time of escrow, and enforceable. The record establishes that the Easement was a valid grant between two private parties, recorded prior to any other deeds that were part of the real estate transaction. Because the First Amendment

---

[1]The district court held that the existence of the Cross on public park land violates the Establishment Clause. Neither party challenges that holding, and nothing about the issues before us requires us to resolve the related federal and state constitutional claims. Accordingly, we decline to do so.

runs solely against the government, no cognizable legal theory supports government invalidation of an easement between two private parties simply because the government acquired ownership of the property subject to the easement. *See Hosanna-Tabor Evangelical Lutheran Church & Sch. v. E.E.O.C.*, 565 U.S. 171, 184 (2012) (observing that constitutional guarantees prevent the *government* from establishing a preferred religion or interfering with individuals' religious practices). This conclusion is particularly appropriate, given that the City accepted the Parcel with constructive notice of the Easement before converting the land into a public park. Similarly, because an easement is "incident to the land and passes with it unless expressly excepted by the terms of the deed," and the Easement is privately[2] owned by the Lions Club, the Easement remains enforceable. *Conaway v. Toogood*, 172 Cal. 706, 712 (1916).

We also affirm the district court's resolution of Appellants' quiet title, trespass, and declaratory judgment counterclaims in favor of the Lions Club. *See* Cal. Code. Civ. Proc. § 761.020 (providing elements of an action for quiet title); s*ee also MacLeod v. Fox W. Coast Theatres Corp.*, 74 P.2d 276, 278-79 (Cal.

---

[2]We decline to exercise our discretion to entertain Appellants' contention that the Lions Club is a state actor who may be held liable for the City's Establishment Clause violation, as Appellants failed to raise this argument in the district court. *See In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 992 (9th Cir. 2010).

1937) (explaining that trespass requires proof of a lack of consent from the owner of property).  Finally, Appellants failed to raise a material issue of fact that the Lions Club's Cross-related activities were a "seriously annoying or intolerable" invasion of their property interests.  *San Diego Gas & Elec. Co. v. Superior Court of Orange Cty.*, 920 P.2d 669, 696 (Cal. 1996); *see also San Diego Cty. v. Carlstrom*, 196 Cal. App. 2d 485, 490-91 (1961) (providing examples of nuisance, such as "excessive and unbearable odors", smoke, dust, soot, "danger from explosive materials," water pollution, "constantly raucous sounds," or a dangerous fire hazard).

**AFFIRMED.**