·CASE 92—PETITION EQUITY—APRIL 20.

# P. N. Tye, &c., v. C. W. Catching.

### APPEAL FROM LAUREL CIRCUIT COURT.

1. The petition alone must contain facts sufficient to authorize a decree for the relief asked.
2. The appellee seeks to compél the appellants to lower their dam, without alleging its height at any time, or how much it had been raised by the appellants. Petition held defective.,
3. The right to the use of a stream for mill purposes can be acquired by occupancy. The right of the second occupant of the stream for such purposes is subordinate to the right of the first.

A. K. COOK FOR APPELLANTS.

1. The appellant Jackson was not a necessary party defendant, and the court erred in permitting appellee to make him a defendant. (Taylor v. Moran, 4 Met., 127.)
2. Amended petition not good, because it fails to allege that Jackson had been requested to reduce the height of the dam. (Hill v. Barrett, 14 B. Mon., 84; Collins v. Blackburn, 14 B. M., 254; Riggs v. Maltby, 2 Met., 89; L. & P. Canal Co. v. Murphy, 9 Bush, 527; West v. L., C. & L. R. R., 8 Bush, 406; Barring v. Commonwealth, 2 Duv., 95.)
3. The judgment of the court is against the evidence. Injunction only granted when case is clearly made out. (2 Story's Equity Jurisprudence, sec. 924; Earl Rippon v. Hoburt, 1 Cooper's Selected Cases; Dumesnil v. Dupont, 18 B. M., 804; Hahn v. Thornberry, 7 Bush, 405; Manier v. Myers & Johns, 4.B. M., 514.)

DISHMAN, PEARL, EWELL, AND COOK FOR APPELLANTS.

1. Appellants acquired the right to the stream by occupancy for thirty years before appellee built his mill or brought his suit.
2. Catching did not hold his mill or use the stream long enough to acquire title.
3. Catching had no right to build his mill on the same stream upon which Tye's mill was situated. (Kent's Com., vol. 3, 8th ed., p. 554; Platt v. Johnson, 15 Johns. Rep., 213; Hatch v. Dwight, 17 Mass. Rep., p. 289; M. & B. Statute Law, pp. 612, 613; art. 8, sec. 6 and 1st Schedule of 2d Constitution of Kentucky; sec. 5, present Constitution.)
4. Petition not good, because it fails to describe mill, &c., by metes and bounds. (Civil Code, sec. 152.) It also fails to allege that the water never backed up on Catching's mill before Tye repaired his dam. He fails to set forth the original height of dam, or that it is higher than

it should be to get the benefit of the stream. (McDougle v. Clark, 7 B. Mon., 449; 5 Monroe, 528; 3 Marshall, 322; Young v. Duhme & Co., 4 Met., 239, 242; Civil Code, sec. 120.)

J. & J. W. RODMAN FOR APPELLANTS.

1. Petition is defective, because it fails to allege anything about the height of the dam at any time.
2. It fails to allege facts showing such specific damage as would authorize an injunction.
3. It fails to allege that the dam was raised without the consent of the defendant.
4. The amended petition does not set forth a cause of action against Jackson.

C. B. FARIS, R. BOYD, W. L. BROWN AND J. A. CRAFT FOR APPELLEE.

1. The judgment of the court is fully sustained by the proof in the case.
2. The pleadings authorize the judgment rendered.
3. The appellants were not entitled to any notice to remove the obstructions. (Manier v. Myers & Johns, 6 B. M., 132, 141; 8 B. M., 449; 4 B. M., 514; 7 Bush, 403; 8 Bush, 404; 7 Monroe, 327–8; 4 Dana, 338; 1 Duvall, 244–6; Sanders on Pleading, vol. 2, pp. 228, 235; Kent's Commentaries, vol. 3, pp. 546 and 554.)

JNO. L. SCOTT FOR APPELLEE.

1. Appellant had no right to raise his dam so as to interfere with appellee in using his mill.
2. The court erred in not ordering the dam to be reduced 18 instead of 12 inches.

JUDGE HINES DELIVERED THE OPINION OF THE COURT.

Appellee erected a dam and constructed a saw and grist-mill on Little Laurel river, a non-navigable stream. Prior to this, appellant Tye was the owner of a saw-mill, run by the water power of the same stream, and located about one mile below the dam and mill of appellee. Shortly after appellee's mill had gone into operation, appellant repaired his dam, and, as charged by plaintiff, appellee here, "unlawfully raised it higher than it was at the time of defendant's purchase or any time prior thereto," and that by reason of the increased height of the dam the water was caused to flow

back on the wheel of appellee's mill, thereby doing him great damage. The prayer of the petition is for damages, and that appellant Tye be compelled to lower the dam to its former height. Afterwards appellant Jackson purchased the Tye mill, and, by amended petition, was made a party defendant, and damages sought against him for continuing the dam at the height to which it had been raised by Tye, and a decree sought, as in the original petition, for lowering the dam to the height it was when purchased by Tye. The answer of the appellants denied the allegations of the petition, and upon hearing, the court adjudged damages against both appellants, and decreed that the dam be lowered twelve inches.

The only question we think proper to consider is, whether the petition and amended petition set forth a cause of action against either Tye or Jackson.

The rule in equity is, that the statement of the cause of action should be set forth with such particularity as to enable the chancellor, from an inspection of the petition alone, to grant the relief sought. If the petition is not so specific, there can be no decree, by default, on failure of the defendant to controvert the matter set up; nor can there be a decree, after pleading over by the defendant, unless the answer is of such a nature as to cure the defect in the petition, and, when taken in connection with the petition, to show the relief sought and the right of the plaintiff thereto. In such a case, in order that the answer may possess such curative properties, it must supply the missing averments in the petition, without which it would be fatally defective. There are also cases in which it has been held, after judgment, that a simple denial in the answer of the existence of

the material facts omitted from the petition cures the defect; but that is where the parties have manifestly gone to trial upon an issue thus presumed to be formed, and their substantial rights have been intelligently investigated and determined. (Pomeroy on Remedies and Remedial Rights, sec. 579; Bliss on Code Pleading, sec. 437; Chitty on Pleading, vol. 1, page 703; Louisville and Portland Canal Company v. Murphy, 9 Bush, 525.)

In the case under consideration the petition fails to allege the height of the dam at any time prior to the building of appellee's dam and mill, and also fails to state how much appellant Tye added to the height of his dam. The last mentioned allegation was undoubtedly essential to present an issue, and to enable the court to decree in conformity to the prayer of the petition. No decree could have gone if no answer had been filed, and as the answer simply denies the allegations of the petition, and does not, expressly or by implication, supply the omitted allegations of the petition, the defect is not cured.

Appellants and their vendors having acquired, by previous occupancy, the right to the use of the stream for the necessary purpose of the mill, as erected and used prior to the time appellee built his dam and mill, they had a right to so continue, and appellee's right to the use of the stream for mill purposes was subordinate to theirs. (Angel on Water Powers, sections 130 and 360.)

The other objections suggested to the petition are mainly formal, and need not be mentioned in detail. They were cured by the answer and judgment so far as constituting reversible errors on this appeal.

For the reasons given, the judgment against both Tye and Jackson, directing that the dam be lowered, is errone-

·ous; and the judgment against them for damages, being mainly an incident to the right in appellee to have the dam reduced in height, is also unauthorized.

Judgment reversed, and cause remanded, with directions for further proceedings consistent with this opinion.