## J. H. HICKMAN *v.* C. G. SEWELL.

[Abstract Kentucky Law Reporter, Vol. 2—439.]

**Easement in Passway.**

> Where in plaintiff's petition it is only shown that a party and the public at large for more than fifteen years from a certain date continuously and uninterruptedly used a certain passway, claiming and holding the same as a passway, the petition is not good as an averment of adverse holding under a claim of right. However, where no demurrer is filed, but an answer denying the averments is filed, its filing cures the defects in the petition.

APPEAL FROM DAVIESS CIRCUIT COURT.

April 20, 1881.

OPINION BY JUDGE HINES:

It may be conceded that, as against appellant, no record title is established in appellee to the private passway, but we think the pleadings are sufficient to present the issue of adverse holding and use for the statutory period of limitation, and that the evidence is sufficient to sustain the decree. The petition charges that the roadway was dedicated to appellee by the deed from J. F. May, and that the appellee and the public at large "for more than fifteen years, viz.: from said December 15, 1859, to the year 1876, continuously and uninterruptedly used the said road, claiming and holding same as a passway," of which appellant had notice. This is not a good averment of adverse holding under a claim of right, and might have been taken advantage of by demurrer or motion to make specific; but instead of doing either appellant answered and said he denied that any passway as aforesaid was opened, or that it was used by

the plaintiff or the public from December 15, 1859, up to 1876, or for any time, under a claim of right in the plaintiff or the public. This clearly cures the defect in the petition and presents the issue as to whether appellee had used the passway for fifteen years under a claim of right.

The deposition of appellant shows that he had agreed to purchase the land before he had notice of the claim of appellee, but on hearing of the claim he refused to execute his notes or to accept a deed until he was satisfied by his vendor that appellee's claim could not be enforced. In his deposition he says he "was apprised of the fact (of the claim) before I made a payment or received a deed; after having his (May's) explanation and telling me that Sewell's claim was merely verbal we closed the trade—would not have done so otherwise."

There is no trouble in locating the road. It extended to the limits of appellee's claim between the fences constituting the lane.

Judgment *affirmed*.

*W. N. Sweeney & Son, for appellant.*