## Shields v. Patterson, et al.

(Decided May 26, 1916.)

### Appeal from Warren Circuit Court.

Appeal and Error—Finding of Chancellor.—Evidence examined and the chancellor's finding of fact that the use of a passway had been merely permissive and not adverse, is approved.

RODES & WALLACE for appellant.

SIMS, RODES & SIMS for appellees.

OPINION OF THE COURT BY JUDGE TURNER—Affirming.

This is an action by appellant seeking to enjoin the appellees from closing up or obstructing a passway which she claims over a narrow strip of land, the title to which is in the appellees.

The parties occupy adjoining farms, and each of their farms was originally a part of the home farm of Col. Henry Grider. After the death of Col. Grider his lands were partitioned among his children, and appellant now owns that part allotted to one of them and appellees that part allotted to another.

In the deeds of partition no reference, whatever, was had or made to any right of passway, and there was no reservation, whatever, of any such right.

The narrow strip of ground in question was in the allotment of the land set apart to Mrs. Chapeze who was the predecessor in title of appellant; but before Mrs. Chapeze parted with the title to this tract of land she conveyed the narrow strip in question to the then owners of the Patterson tract of land without any reservation, whatsoever, as to any right of passway over same, and thereafter when she conveyed her land to appellant's predecessor in title she expressly excepted the narrow strip of land theretofore sold and conveyed by her; and in none of these conveyances was there any reservation of right of passway.

Appellant's right to the use of this passway is based wholly upon her alleged prescriptive right growing out of the adverse use thereof, as alleged, by her and her predecessors in title for a period of thirty years or longer, and the only issue in the case is whether that use was adverse or merely permissive.

The chancellor below, in a written opinion, carefully analyzing the evidence, found that the use throughout the long terms of years had been only permissive, dissolved the temporary injunction, and dismissed appellant's petition.

The question presented is purely one of fact, and without going into the evidence in detail, it is sufficient to say that we have carefully examined it and found that the chancellor's conclusion is in accord with the decided weight of the evidence.

It is shown that for a long period of time since the death of Col. Grider the strip of land in question has been used almost continuously as a passway, but that it was purely as a matter of grace, and that upon at least one occasion prior to the time of the closing by appellee of the passway it had been closed by a previous owner and the right to close it asserted; it is further shown that upon at least two or three occasions appellant and her predecessors in title had, either in person or through their representatives offered to buy the right of passway over this land, and certainly such an offer is inconsistent with the now asserted right to the use of it.

If the necessity for this passway exists, as asserted by appellant, she has ample remedy under our statutes.

Judgment affirmed.