## Clark v. Isaacs.

(Decided December 6, 1918.)

### Appeal from Jackson Circuit Court.

1. Equity—Submission of Issues to Jury.—In an equitable action, if there is a distinct legal issue of fact, a party may have it decided by a jury, if he makes a reasonable demand for it.

2. Equity—Submission of Issues to Jury.—The demand for a trial by jury, of an issue of fact, in an equitable action, should be made, when the issue is made by the pleadings, or within a reasonable time, thereafter.

3. Pleading—Denial—Sufficiency.—Where one sues for a gross sum of money, which is composed of the items of an account, but does not set out the items, in his petition, nor file a copy of the account, as a part of the pleading, a denial as broad as the allegation makes a sufficient answer.

4. Appeal and Error—Finding of Chancellor.—The decision of the chancellor upon the facts in an equitable action is not, upon

appeal, given the same force and effect as the verdict of a properly instructed jury, in the trial of a legal issue, or the decision of the judge, upon an issue of fact in a trial, at law, but, some weight will be given to the opinion of the chancellor, and if the evidence is contradictory, and upon a consideration of it, the mind is left in doubt, as to the truth of the matter, the judgment of the chancellor will not be disturbed.

A. W. BAKER for appellant.

BEGLEY & DAVIS for appellee.

OPINION OF THE COURT BY JUDGE HURT—Affirming.

The appellant, W. H. Clark, sued the appellee, W. P. Isaacs, and by his petition, claimed, that, he and the appellee, on the first day of December, 1909, entered into a contract, which was reduced to writing, and by the terms of which it was agreed, that he would furnish the appellee with $500.00 worth, or more, of goods, wares and merchandise; would pay for them and their transportation to the place of business of the appellee and would fix the prices at which the goods should be sold by the appellee.. The appellee agreed to sell the goods, at the prices, fixed by the appellant, and to turn over to him, each month, the receipts from the sale of the goods, and would not sell any of the goods upon credit, without the consent of the appellant and would furnish a house in which to do the business, and fuel, free of charge, to the appellant. After the appellant had received back the amount he had paid for the goods, and for their transportation to the place of business of the appellee, the profits at which the goods were sold, should be divided, equally, between them. The partnership was to continue for one year, unless the appellant, at an earlier period, should desire to close out the business, in which event, he was to take back any goods unsold, at the prices which it had cost him to buy and deliver them. It was, further, agreed, that the appellee's daughter, Allie, might participate and assist appellee in the selling of the goods, and appellant was to keep a record of the cost price, selling price and other expenses.

Under this arrangement, the business was continued until the third day of May, 1915, at which time, it was closed, the appellant taking back the goods, then on hand. In the original petition, which was filed on the twenty-ninth day of November, 1915, the appellant claim-

ed, that the appellee, then owed him, on account of matters growing out of their transactions, the sum of $351.63, which was made up of two items, one of which, amounting to $130.55, was the difference between the cost of the goods delivered to the appellee and the goods accounted for by him, the other item amounting to $221.08, was the one-half of the profits, which would have arisen from the sale of the goods, if sold at the prices, which the appellant designated.

Afterwards, the appellant, filed an amended petition, in which he claimed, that the cost, embracing the purchase price and the transportation of the goods, which he furnished to appellee, amounted to the sum of $1,529.96, and that he marked them to be sold at such prices, that, they should have sold for $2,350.49; that the appellee paid to him, in monthly payments, for the goods sold by him, $1,196.68, and there was on hand of the goods furnished, which he took back at the close of the business, of the value of $165.31; one-half of the profits at the prices designated by appellant for the sale of the goods delivered by him to appellee and sold by the appellee, one-half of which, the appellant claimed, was $689.44 and, therefore, he was entitled to recover of the appellee the sum of $510.03, instead of $351.63 as alleged in the petition. There was no disagreement between appellant and appellee, as to the terms of the contract between them. It was in writing and was placed on file as a record in the case. They, however, disagreed, about almost every other thing in the case. The appellee, by his answer, denied, that the costs of the goods furnished to him by appellant amounted to the sum claimed, or that the profits upon them when sold as priced by appellant for sale, amounted to the sum claimed. They, substantially, agreed, that the sums paid to appellant by appellee, amounted to the sum of $1,196.68, but, appellee claimed, that this sum embraced all the goods, at their selling price, which had been furnished to him, except $80.00 worth of goods, at their selling prices, which he had sold upon a credit, by the consent of appellant, and which had not been paid for by the purchasers, and $35.63 worth of the goods, at their selling prices, which he had used for himself. Appellee claimed, that he had sold all the goods furnished to him, at the prices designated by appellant, and had turned over to appellant all the proceeds of the sales, except the $80.00 worth

sold upon credit and all of which he had been unable to
collect, except the sum of $6.00, and the $35.63 worth,
which he had used for himself, and that he was entitled
to one-half of the profits, all of which, were retained by
the appellant, and that no settlement of the partnership
business had ever been made or attempted, and asked
that the cause be referred to a commissioner of the court
to hear proof and audit their accounts, and to make and
report a settlement, and that he recover of appellant
the sum, which the settlement would show, that appellant
was indebted to him. The appellant denied that he had
in his hands, any of the profits, to which appellee was
entitled. By agreement of the parties the action was
transferred to the equity side of the docket for further
proceedings and adjudication.

The motion to refer the action to the master com-
missioner of the court to hear proof and to make and
report a settlement of the matters, in controversy, was
sustained, without any objection from the appellant.

The commissioner, in accordance with the order of
reference, heard and reduced to writing, all of the evi-
dence offered by each party, including a number of wit-
nesses, introduced by each, in an attempt to impeach the
reputation of the other for veracity and morality. The
commissioner, then made his report, and therein re-
ported, that appellee had paid over to appellant, the
sum of $1,196.68, which was the value of all the goods,
at the selling prices, which appellant had furnished to
appellee, except $167.97 worth of goods returned to ap-
pellant, upon the discontinuance of the business, and
$35.63 worth of the goods used by appellee, and $86.01
worth of the goods sold upon a credit, which was found
to have been done by the consent of appellant, and upon
the sales upon a credit, the appellee had collected $6.00.
The profits realized upon the sale of all the goods sold,
was found and reported to amount to $156.09 and that
all of this had been received, and was held by
appellant. The report charged appellant with one-
half of the profits, to which appellee was en-
titled, amounting to $78.04, and credited this sum with
the $35.63 worth of the goods, which appellee had used,
and the $6.00 collected by him upon the sales upon credit,
and thus found, that appellant was indebted to appellee,
in the sum of $36.41. The report was filed, accompanied
by the evidence. To this report, appellant filed excep-

tions, which made an issue upon each item of contro-
versy, in the action. Before passing upon the exceptions,
the court, upon two occasions, announced, that if the
parties desired, he would order an issue out of chancery,
to determine what the facts, in the case were, but, each
party, on these occasions, declined to ask that such an
issue should be ordered and urged the court to determine
the questions, for itself. After the case was submitted
upon the exceptions and upon the whole case, the court
announced its decision to the effect, that the exceptions
should be overruled and the report confirmed. The ap-
pellant then asked for an issue out of chancery and a
submission to a jury, to determine the issues, in the ac-
tion. This motion was overruled, as well as the excep-
tions to the report of the commissioner, and the report
confirmed, and a judgment rendered in favor of appellee
for the recovery of appellant of the sum of $36.41, as
found by the commissioner, and the petition and amended
petitions dismissed.

From the judgment, the appellant has appealed, and
insists, that the judgment should be reversed, because:

(1) The court erred in overruling the motion for
an issue out of chancery.

(2) The answer of appellee to the appellant's
amended petition, was insufficient to support the judg-
ment.

(3) The judgment overruling the exceptions and con-
firming the report, and the judgment in accordance there-
with, upon the whole case, is not supported by and is
contrary to the evidence.

(a) That the court did not err in denying an issue
out of chancery, there can be no doubt. A court of equity
has concurrent jurisdiction with a court of law in mat-
ters of account, if the matters of account are so compli-
cated, or are so numerous and complicated as to make
a trial by jury impracticable. Prussian National Ins.
Co. v. Terrell, 142 Ky. 732; Davis v. Ferguson, 29 R.
214, 92 S. W. 968; City of Covington v. Limerick, 19 R.
330; O'Conner v. Henderson Bridge Co., 95 Ky. 633. In
an equitable action, if there is an issue of fact, which
is distinctly a legal one, a party may have such issue de-
cided by a jury, if he makes seasonable demand for it.
The demand for a trial by jury, of the issue, must be
made when the issue is made by the pleadings, or within
a reasonable time, thereafter. Harmon v. Thompson, 119

Ky. 528; Lewis v. Helton, 144 Ky. 595; Proctor v. Tubb, 166 Ky. 676. Aside from the question, as to whether there was any issue upon which appellant could demand a trial by jury, which is not necessary to be decided, the issues made by the pleadings, were all joined, when the reply was filed by appellant, on January 13, 1916. The exceptions to commissioner's report, were filed by appellant on August 31, 1916. The motion for a submission to a jury, of the issues made in the case, was not made until 31st day of March, 1917, and not until after the court had, on two occasions, indicated its purpose to have a jury trial, and had been urged by appellant not to do so, and then had announced its judgment. The appellant agreed to the transfer of the action to the equitable docket, and made no objection to the reference of the cause to the commissioner. He can not have the right to have the questions of fact decided by a commissioner, and a jury, too, and certainly can not take his chances on having a decision by the court, and then, if not favorable, demand a decision by a jury.

(b) The answer to the amended petition is complained of, because it does not specifically deny each item of an account, which appellant contends, contains the separate items of goods, which he furnished to appellee, during the time, in which they were conducting the business. It is not necessary to discuss or determine what character of denial, in a suit upon an account is necessary, before the party, suing, is put upon his proof, in the instant case, as the plaintiff, did not file with or make a part of his petition, an account showing the different items of goods furnished by him, or the price of any article, or the price, at which it should be sold. He alleged simply, that he had furnished appellee, with goods, the cost of which was a gross sum, which he stated. The goods returned, were stated to be of the value of a gross sum. Although the appellee moved the court to require the appellant to file, with his petition, an itemized account, showing the articles furnished, and their prices, the record does not disclose that the motion was ever passed upon and appellant never did so. Hence, the denials of the answer seem to be as broad as the allegations of the petition. The answer seems, in some respects, to have, defectively, plead the defense of appellee, but no demurrer was ever interposed, and the case was prepared and tried out, upon its merits, and the cause of

action of appellant and the defense of appellee was fully presented, and it does not appear, that the defects, if any, in the answer worked any prejudice to the appellant.

(c) The appellant, contends, that as he filed with his evidence an itemized account showing that in accordance with his pleadings, the items of goods, which he furnished appellee, the cost of their purchase and transportation, and the prices which he designated, at which they should be sold, as well as of the goods returned to him, at the discontinuance of the business, that the judgment should have been for him, as against appellee, who kept no books, showing the transactions, and testified, from his memory. This argument, ordinarily, would have much force, but appellant, it seems, only filed with the commissioner a copy of what he claimed his books contained, and refused to exhibit the originals to the commissioner, although requested to do so. He, however, offered to exhibit them to the attorney for appellee. The appellant did not exhibit in evidence any of the original bills of the goods, and the only thing offered by him of a character such as would indicate the items, was a copy of what he claimed was the account, as it appeared upon his books of original entry. Appellant first claimed that appellee only owed him $206.00, and thereafter it grew by successive steps to the amount finally claimed. The appellant gives explanations of the reasons of these changes of the amount of the indebtedness claimed. The appellant and appellee, of all the witnessess, are the only ones, who testify, as to the transactions, between them, and they contradict each other flatly. The rule established, in this court, relating to a decision as to the facts, upon an appeal in an equitable action, is, that the decision of the chancellor will not be given the same force and effect, as is given to the verdict of a properly instructed jury, in the trial of a legal issue, or to the decision of the judge upon the facts, in an action at law, where the rule is, that the verdict will be sustained, unless palpably against the evidence, but, yet, some weight will be given to the decision of the chancellor as to the facts, in an equitable action, and if the evidence is conflicting, and, if upon considering all the facts, the mind of the court is left in doubt, as to the truth of the matter, the judgment of the chancellor will not be disturbed. One of the reasons, upon which this rule is based, is, that

the trial judge is ordinarily of the vicinity, and has an acquaintance, with the parties and witnesses, and his acquaintance with the locality of the operations often gives weight to circumstances, which are not appreciated by one otherwise situated. Campbell v. Trosper, 108 Ky. 608; Bank v. Stapp, 97 Ky. 432; Wooley's Extrs. v. Greenwade's Heirs, 20 R. 624; McCampbell v. McCampbell, 103 Ky. 745; Paine v. Seay, 142 Ky. 623; Bank of Campbellsburg v. Minor, 30 R. 496; Quigley v. Beans, Admr., 137 Ky. 325; Byasse v. Evans, 143 Ky. 418; Stephens v. Dickinson, 19 R. 1223.

Under this rule, the judgment is affirmed.