## Hutchinson v. Copenhaver.

(Decided December 16, 1921.)

### Appeal from Wayne Circuit Court.

1. Waters and Water Courses—Rights of Contiguous Owners—Surface Waters—When Agreed Ditch Will Be Regarded as Natural Channel.—Where the upper and lower proprietors, for the purpose of confining the waters and thereby benefiting the land of each, constructed a ditch in practically the same place as the natural channel, and the ditch merely received the water that would have naturally flowed on to the lower proprietor's land in the natural channel, and there was nothing to show that the flow of the water was augmented or made more burdensome by the substitution of the ditch, and the arrangement was acquiesced in for a great number of years, the agreed ditch became the natural channel, and an obstruction in the ditch will be regarded as an obstruction of the natural flow of the water.

2. Waters and Water Courses—Rights of Contiguous Owners.—As ordinarily the burden is on the lower proprietor to see that the natural flow of the water, at the point where it enters his land, is not obstructed, he has no ground for complaint that the judgment imposed this duty on the upper proprietor, with the consequent right to enter the lower proprietor's land for that purpose.

3. Pleading—Petition—Sufficiency—Waiver.—Where there was no demurrer to the petition, and the case was fully prepared and tried on its merits, defendant will not be heard to complain of mere technical defects in the petition.

HOBSON & HOBSON and DUNCAN & BELL for appellant.

O. B. BERTRAM and BERTRAM & BERTRAM for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming on original and cross appeals.

Alleging that the defendant, Kennith Hutchinson, had obstructed a ditch leading from his farm over the farm of defendant, plaintiff, B. C. Copenhaver, brought suit for the purpose of obtaining a mandatory injunction, compelling the defendant to remove the obstruction and to recover damages. The chancellor entered a judgment giving plaintiff the right to construct and maintain a culvert across the road at the point where the ditch was located, but provided that the culvert should be so constructed that the defendant, or any other person desiring to do so, could pass over the culvert with teams, wagons or machinery, and that the culvert should not be so constructed as to obstruct the passway. Plaintiff's claim for damages was denied. Defendant appeals and plaintiff has prosecuted a cross appeal from that portion of the judgment denying damages.

Plaintiff and defendant own adjoining farms in Wayne county. A large portion of each farm is flat land, and defendant's farm is lower than plaintiff's. There was a natural drain running through plaintiff's land, then over defendant's land, and emptying into a sink hole on a farm near defendant's line. Plaintiff has owned his farm for more than thirty years, while defendant has resided on his farm for about ten or twelve years. More than thirty years ago the former owners of the land constructed ditches in and along the natural water channels, and across the two farms. The ditches have remained in practically the same condition with the exception of certain changes made necessary by the construction of a railroad over defendant's farm, and each proprietor maintained his portion of the ditch. At the point where the ditch left plaintiff's land and reached the land of defendant, there was a road or passway which was used by the defendant and the public. When John Hutchinson owned the land there was a foot-log across the ditch at this place. After that time, Tom Hutchinson put in a box culvert about eighteen inches wide and sixteen inches deep. About ten years ago plaintiff constructed a bridge at the same point and put in a culvert. According to plaintiff's evidence defendant obstructed the ditch over the road by depositing a quantity of rock there. Since then, the water stands in the ditch on plaintiff's land. On the other hand, defendant says that the bridge constructed by plaintiff washed away and broke down, and that he never obstructed the ditch in any way. He fur-

thermore says that the water goes across the roadway now as well as it formerly did.

The rule of law applicable to the rights and burdens of the upper and lower proprietor with respect to surface waters is stated in the case of Pickerill v. City of Louisville, 125 Ky. 213, 100 S. W. 873, as follows:

"In other words, this court has, in effect, though not in express terms, adopted in respect to such cases as this the rule of the civil law, which only subjects the lower estate to the easement or servitude of receiving the natural flow of surface water from the upper estate. That is to say, the doctrine seems to be that where two estates adjoin, and one is lower than the other, the lower must necessarily be subject to the natural flow of surface water from the upper one. If this proves to be an inconvenience, it arises solely from the position of the lower estate, and in the nature of the case is unavoidable. Therefore, the owner of the lower ground has no right to erect embankments, or create other obstructions, whereby the natural flow of surface water from the upper ground is stopped or caused to back upon and overflow the upper ground. On the other hand, the owner of the upper ground has no right to make excavations, barriers, or drains upon his ground by which the flow of surface water is diverted from its natural channel and a new channel made on the lower ground, nor can he collect into one channel waters usually flowing off into his neighbor's land by several channels, and thereby increase the flow upon the lower ground."

Counsel for defendant insist that no relief should have been granted plaintiff for the following reasons: Plaintiff did not allege or prove the obstruction of the natural flow of the water, but the obstruction of an agreed ditch. That being true his easement did not arise by operation of law, and it was necessary to show that the easement arose in some other way. This he failed to do, because an easement may never be created by parol, but rests in grant or adverse possession which presumes a grant, and mere permissive use, however long continued, will never ripen into an easement by prescription. Clearly, this is not a case where the upper proprietor made excavations, barriers or drains upon his grounds, by which the flow of surface water was diverted from its natural channel and a new channel made on the lower ground, nor is it a case where the upper proprietor collected into one channel waters usually flowing through his land and on to his

neighbor's land by several channels, and thereby increased the flow upon the lower ground. On the contrary, it is a case where there was a natural drain or channel leading through plaintiff's land and on to the land of defendant. The former proprietors, for the purpose of confining the waters and thereby benefiting the lands of each, constructed the ditch in practically the same place as the natural channel. The new ditch merely took the place of the natural channel and did not take the place of several channels leading to the defendant's land. No other ditches were constructed. The ditch merely received the water that would have naturally flowed on to defendant's land in the natural channel. There is nothing in the record to justify the conclusion that the flow was augmented or made more burdensome by the substitution of the ditch. On the contrary, the arrangement was acquiesced in for a great number of years and must have been regarded by the owners as less burdensome and more satisfactory than the natural drain. In view of these circumstances the agreed ditch became the natural channel and an obstruction of the ditch will be regarded as an obstruction of the natural flow of the water.

The point is also made that the judgment in giving plaintiff the right to go on defendant's land, and construct and maintain the culvert, was unauthorized because it conferred on plaintiff an easement which was acquired by permission and had therefore never ripened by prescription. It appears that there was a passway at the point where the water naturally flowed on to defendant's land. Thus there were two easements, the right of flowage and the passway. Necessarily each of these easements interfered with the other in that the flow of the water injured the passway and the use of the passway obstructed the flow of the water. More than twenty years ago a log bridge was constructed so as to facilitate travel at that point, and not interfere with the flow of the water. Later on a box culvert was made at that point by the former proprietor of defendant's land. Still later plaintiff constructed a culvert at that point, which, defendant claims, was by his permission. Ordinarily, the burden would be on the defendant to see that the natural flow of the water at that point was not obstructed, and that being true, defendant has no ground for complaint that the duty was imposed on plaintiff,

with the consequent right to enter defendant's land for that purpose.

Another contention is that the petition was defective in that it is alleged the obstruction of an agreed ditch, and not the obstruction of the natural flow of the water. It is sufficient to say that no demurrer was filed to the petition, and the case having been fully prepared and tried on its merits, defendant will not be heard to complain of mere technical defects in the petition. Clark v. Isaacs, 182 Ky. 391, 206 S. W. 606.

We cannot say that the chancellor erred in refusing to sustain plaintiff's claim for damages.

Judgment affirmed on the original and cross appeals.