## Casey v. Hensley.

(Decided Oct. 18, 1932.)

309

JOHN J. HOWE for appellant.

ROGERS & ROGERS for appellee.

Opinion of the Court by Stanley, Commissioner
—Affirming.

The appellee, W. E. Hensley, has been adjudged
to have a passway by prescription over land of the
appellant, Mrs. Mary E. Casey, and she has been en-
joined from interfering with its use. A reversal of the
judgment is sought upon the ground that the evidence
was not sufficient to show that the continued use of the
roadway was under a claim of right with notice thereof
to the owner of the servient estate and to show that it
was not a permissive use.

The evidence goes back to 1895, or 36 years before
an attempt was made by the defendant to bar the use
of the passway. It was then that Hensley moved onto
his farm, which is back of the Casey place. That place
was then owned by Owen Connor, and passed succes-
sively to his heirs and four others before Mrs. Casey
acquired it in October, 1930. Hensley proved a fre-
quent use, continuously and uninterruptedly, from the
beginning without asking anybody's permission and
without being questioned or interfered with in any way.

There is evidence that some time between 1902 and
1910 one of the owners locked the gates, but under what
circumstances and for how long this continued is not
disclosed. In 1910 J. R. Eddins, Hensley's son-in-law,

bought the farm and owned it for nineteen years. His evidence is to the effect that Hensley's use of the road was regarded as one of right and not privilege. A neighbor testified that Hensley said one time during the two years between Eddins' ownership and Mrs. Casey's that he wanted him to help keep another old road open as "I am going to be shut up in here some day." Others bore witness to a somewhat similar statement. The appellant denied making the exact requests, and stated that he had talked about keeping open another road, which seems to have been practically abandoned, by having it used. Undoubtedly when and after Mrs. Casey purchased her farm she was told that this passway could be closed. Of course, the views given her by third persons could not affect Hensley's legal right. The passway was obvious and known to Mrs. Casey, and she took the property subject to whatever incumbrance it placed upon it. Ray v. Nally, 89 S. W. 486, 28 Ky. Law Rep. 421; Sparks v. Rogers, 97 S. W. 11, 29 Ky. Law Rep. 1170. She should have made inquiry of the user of the passway instead of her vendor or his agent. Wright v. Willis, 63 S. W. 991, 23 Ky. Law Rep. 565.

There are one or two other items of evidence which have as little probative force as those related. It was proved that Hensley made a statement one time that he had given $200 to his son-in-law to help build a house on the property, and that he (Eddins) wanted to make him a deed to the passway, but he told him not to do it because it would ruin the sale of the farm. This statement was denied. It is susceptible of two constructions. It certainly proves that Hensley's right to the passway was recognized by the owner of the servient estate about the year 1910. There were gates at each end of this passway and one or two in between, and, while their existence may be evidence of the fact that the use was permissive only, it is not conclusive of that fact, although it shows that the use is burdened by the right to maintain the gates. Brookshire v. Harp, 186 Ky. 217, 216 S. W. 379.

It is a familiar holding that there is a presumption of right acquired by prescription arising from the adverse, uninterrupted and continued use of a passway by the person asserting the right for as long as the statutory period of fifteen years, and the burden is on the owner of the servient estate to overcome that pre-

sumption. Smith v. Pennington, 122 Ky. 355, 91 S. W. 730, 28 Ky. Law Rep. 1282, 8 L. R. A. (N. S.) 149; Bridwill v. Neltner, 173 Ky. 847, 191 S. W. 633; Mitchell v. Pratt, 177 Ky. 438, 197 S. W. 961; Davidson v. Nantz, 177 Ky. 50, 197 S. W. 520; Purcell v. Brown, 208 Ky. 234, 270 S. W. 819. The defendant did not overcome the presumption, supported by much evidence.

Wherefore the judgment is affirmed.