## White et al. v. Howe et al.

Nov. 24, 1942.

As Modified on Denial of Rehearing Feb. 9, 1943.

P. M. Basham and E. P. Kelly for appellants.

Wilson & Wilson for appellees.

OPINION OF THE COURT BY JUDGE RATLIFF—Affirming.

The appellants and appellees are the owners of adjoining farms in Hancock county, Kentucky. It appears that about sixty years ago the then owners of the respective farms, and predecessors in title to appellants and appellees, constructed a ditch about 836 yards long, about four feet deep, and about three feet wide, running practically due north and south on the line between their farms for the purpose of draining the surface water to a public ditch. Appellants' land lies on the east side of the ditch and appellees' on the west side, the latter being of higher elevation than the former. It appears that there is a chain of small hills at the west and northwest of appellees' land and during heavy rainfalls the surface water from these higher elevations flows east or southeasterly to the ditch between the lands, and the ditch being insufficient to carry the water, the overflow enters the land of appellants.

In the spring of 1941 appellants began to clean the ditch by removing sediment and placed the dirt taken therefrom on the bank of the east side of the ditch and also used "mill slabs" and other material in reinforcing the breaks in the east bank of the ditch next to appellants' land, and constructing a levee or embankment

thereon, raising it in height ranging from three inches to three feet and three inches for a distance of about 290 yards. Appellees objected to appellants raising the height of the bank of the ditch and requested them to remove all the dirt, slabs and other material placed thereon, and lower the height of the bank to its former elevation, or as it was immediately before they began the work. Appellants desisted in further construction of the embankment but refused to remove the dirt and other material placed thereon, whereupon appellees brought this action seeking an injunction and decree of the court requiring appellants to desist in the further construction of the embankment and to remove such material as they had placed thereon and restore the bank on the east side of the ditch to its former height. The issues joined and the evidence taken and the chancellor granted the relief sought in the petition. This appeal follows.

It is first insisted for appellants that the court should have sustained their demurrer to appellees' petition on the ground that the petition fails to state or advise appellants of the height of the east bank of the ditch before it was raised or the height of the embankment or levee which appellants are charged with having wrongfully constructed. It is alleged in the petition that prior to the acts of appellants complained of, the bank on either side of the ditch was approximately the same height, and further alleged that:

" * * * during the latter part of March, 1941, and during the month of April, 1941, the defendants wrongfully, and without right or authority, erected and caused to be erected a high levee and dam on the east bank of said ditch, which said bank lies adjacent to the lands owned by the defendants, and which is across the ditch from the lands owned by the plaintiffs; and that in addition to said levee and dam, which has been constructed on said bank as aforesaid, and along the entire length of the ditch where located between the lands of the parties hereto, the defendants have erected additional dams at points so as to divert the natural flow of the water through ravines and drains across the lands of the defendants from said natural drainage flow and in such manner as to cause the water which would otherwise follow the natural drainage courses heretofore followed to back up on and flood the lands of

these plaintiffs.''

By their answer appellants denied the above allegations thus making an issue as to whether or not appellants had erected a levee or dam on their side of the ditch, or had erected additional dams at any point so as to divert the natural flow of the water or to cause the water to back up on and flood the lands of appellees. The evidence was taken on the issue as to whether or not appellants had raised the height of the bank on their side of the ditch at all, and if so, the extent of the raise. If it be conceded that it was proper for appellees to set out in their petition the height of the bank before the alleged raise of it by appellants and the extent they had raised it, yet we think that the defect, if any, was cured by subsequent pleadings and the evidence. Section 134 of the Civil Code of Practice, among other things, provides that:

"The court must, in every stage of an action, disregard any error or defect in the proceedings, which does not affect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of such error or defect.''

We are unable to see how appellants could have been prejudiced by the failure of the petition to detail the particulars with reference to the original height of the bank and the extent of the raise or addition made by the appellants, since the petition, answer and evidence was broad enough to include those factors. See Clark v. Isaacs, 182 Ky. 391, 206 S. W. 606. Appellants cite and rely upon the case of P. N. Tye v. Catching, 78 Ky. 463, to support their contention that the petition was defective. There was involved in that case a question somewhat similar to the one before us, and if it be conceded that it tends to support appellants' contention, yet for reasons indicated above, we are not inclined to follow that case. Since the error, if any, was nonprejudicial, we find no merits in this contention.

The next complaint is directed to the fact that the court permitted both husbands and wives (appellees) to testify. It is insisted that this was error, notwithstanding the 1940 amendment to section 606, subd. 1 of the Civil Code of Practice, Acts 1940, c. 95, which provides that:

"In all actions between husband and wife, or be-

tween either or both of them and another, either or both of them may testify as other witnesses, except as to confidential communications, between them during marriage, provided, however, that in an action for absolute divorce or divorce from bed and board, either or both of them may testify concerning any matter involved in the action, including questions of property, and provided further, that neither may be compelled to testify for or against the other.''

There is no contention that the matters testified to by the husbands and wives related to confidential communications between them during marriage. See Truitt v. Truitt's Adm'r, 290 Ky. 632, 162 S. W. (2d) 31, 34, 140 A. L. R. 1127, wherein it is said:

"Recently Section 606, subsection 1, has been amended so that a husband may testify for his wife or a wife for her husband the same as any other witness, except as to confidential communications between them during marriage, the exception itself being qualified in cases of divorce.''

With reference to the evidence, in addition to the evidence of appellees relating to the construction of the embankment, appellants admitted in their own evidence that they had constructed the levee or embankment above the original elevation, and further stated that they intended to raise it even higher had they not been stopped by the institution of this action. Thus we find the evidence conclusive that appellants committed the acts complained of with respect to the raise or obstruction complained of by appellees. Appellants insist, however, that injunctive relief is too drastic in this action for the reason that there is nothing in the record to show that irreparable injury will result if appellants are not restrained. We are unable to agree with counsel in such contention. Injunctive relief has been granted in such actions in numerous cases, including the recent case of Stone v. Ashurst et al., 285 Ky. 687, 149 S. W. (2d) 4. It is also pointed out in the case, supra, that the owner of a lower estate is subject to the servitude of receiving the natural flow of surface water from the upper estate, and the owner has no right to erect embankments or create other obstructions which will cause the natural flow of water to stop and overflow the upper ground. See also to the same effect, Pickerill v. City of Louisville, 125

Ky. 213, 100 S. W. 873.

It is the rule that when a structure is permanent and the removal of same would be impracticable, or incur a great cost, the complaining party's remedy is by an action for damages rather than injunctive relief. But this case does not come within that category. The levee or embankment constructed by appellants is not of a substantial or permanent nature and it appears from the description of the same that removal of it would be no difficult task nor incur any substantial cost.

Lastly, it is insisted that appellees are estopped from complaining of the acts of appellants in repairing the breaks in the bank of the ditch adjoining their land. This contention is based upon the alleged fact that it has always been customary that when the ditch was cleaned and repaired the dirt was placed on the east side, or the side of appellants, and that appellees well knew of this custom long before they inherited or purchased the land. It appears, however, that appellants are in error with respect to any complaint being made about their right to repair the breaks in the bank of the ditch adjoining their land. The complaint made in appellees' petition and their evidence is directed to the acts of appellants in constructing the levee or embankment on their side of the ditch so as to interfere with the flow of the water and cause it to flow over the land of appellees. They do not claim any harm did or could result to them because of any repair made to the bank on appellants' side of the ditch which did not raise the bank to a higher elevation than the west side of the ditch. Furthermore, the judgment of the chancellor does not prevent appellants from repairing the bank on their side of the ditch. The judgment only requires appellants to remove the levee or embankment placed on their side of the ditch where it tends to raise the elevation to a greater height or elevation than the west bank and to desist from further placing such obstructions thereon so as to cause the water to overflow the land of appellees. Appellants have the right to clean the ditch and place the dirt at any place on their land they may desire, provided that it does not raise their (east) side of the ditch to an elevation higher than the west side. The judgment of the lower court does not prevent them from doing this.

Finding no error prejudicial to the substantial rights of appellants, the judgment is affirmed.