# Haynes et al. v. Dennis et al.

November 12, 1948.

V. R. Bentley and Abner May for appellants.

F. M. Burke for appellees.

OPINION OF THE COURT BY JUDGE LATIMER—
Affirming.

This is a fight over the right to use a passway through the land of U. G. Haynes, appellant.

The lands of appellants and appellees lie on Jennie's Fork of Cowpen Creek, the land of the appellees being situated immediately above that of appellants. In reaching their home, appellees use a passway over the land of appellants.

Appellees purchased their land from Lillie Blankenship, sister of appellant, U. G. Haynes. Lillie Blankenship obtained title to this land from her father, it having been a portion of the farm owned by her father. Jeff Haynes, the father of Mrs. Blankenship and U. G. Haynes, purchased this farm in 1904. Appellant, U. G. Haynes, purchased his farm from John Stephens in 1921.

After purchasing their tract of land, appellees used the passway freely and without interference for about 10 months, when appellants obstructed the use thereof. Whereupon, appellees brought this action asking judgment to require appellants to remove the obstruction placed in the road, and seeking permanently to enjoin appellants from molesting or in any way interfering with appellees in the free and uninterrupted use of the passway.

After hearing the cause, the court entered judgment in favor of appellees.

Appellants rest their case entirely upon the ground that the use of the road throughout its history was merely permissive and that such use can never ripen into an easement by prescription. It is insisted that since 1921, the time appellant, U. G. Haynes, purchased the land this passway has been used only by his permission, and that it is incumbent upon appellees to show that it was not used by permission during the time their predecessors in title owned the land.

Appellees insist that they have shown clearly the passway to have been used uninterruptedly and without interference for more than 50 years; that they have a right to use the passway because of such prescriptive use; and that the same has ripened into an easement.

There is considerable contradiction in the testimony as to the use of this passway. Most, if not entirely all, of the testimony of appellants relative to the permis-

sive use of the passway falls within the period since 1921, that being the time U. G. Haynes purchased his land.

Appellant, Haynes, apparently assumes that by establishing the fact he enclosed the farm and erected gates at each end of the passway, he thereby served notice to all users of the passway that thereafter any use of it must be by his permission; that such act was a revocation of any permissive use theretofore granted; and that any prescriptive right which had been acquired over his land was lost by adverse occupancy.

We notice first the fact that Jeff Haynes, the father of U. G. Haynes, purchased the farm, out of which appellees' land was carved, in 1904; that at that time U. G. Haynes was living at home with his father; and that the passway in question was there and was used by appellant, Haynes, his father and others. So, when U. G. Haynes bought his land in 1921, the passway was yet there. He knew and had known for a number of years of its existence. He had used it when he yet resided with his father. As far as this record shows no gates were ever erected until appellant, Haynes, purchased his farm in 1921.

Appellants cite numerous cases setting out the rules governing the prescriptive right of passways, among which is Bradley v. City of Harrodsburg, 277 Ky. 254, 126 S. W. 2d 141, where the rule is laid down that the presumption of a grant does not arise from use of a passway where the beginning of the use was permissive. There is no evidence here to show that the beginning of the use of this passway was permissive. The fact that appellant, Haynes, for a consideration permitted the hauling of logs across his land is merely a specific instance falling within the period since Haynes purchased the land. This one instance cannot be persuasive or controlling due to the fact that the hauling of logs is a heavy undertaking.

Numerous witnesses testified on each side, but the evidence decidedly shows the road in question to have been used by the public generally without interruption or interference from 1897 until appellants obstructed the road in 1946.

As noted above, appellants seem to take the position that the burden was on appellees to show that throughout that period of time the use was not permissive. The converse is true. Appellants had the burden of showing that the use was permissive. The general law is that there is a presumption of a grant of right-of-way by prescription following an uninterrupted, unexplained, adverse use of such right-of-way, and the burden is upon the landowner to show that the use was merely permissive. And further, such uninterrupted, unexplained use of a passway on another's land creates the presumption that the use is adverse. See Smith v. Pennington, 122 Ky. 355, 91 S. W. 730, 8 L. R. A., N. S., 149, and cases cited therein, and Casey v. Hensley, 245 Ky. 308, 53 S. W. 2d 698.

We must keep in mind that in all passway cases the application of the principles and rules governing same must necessarily be determined by the facts of each case. Under the facts of this case and the rules applicable, we conclude that the chancellor correctly adjudicated the matter.

The judgment is affirmed.