# Lee et al. v. Martin.

October 28, 1949.

Rehearing denied December 16, 1949.

Rodes K. Myers for appellants.

John A. Whitaker and Taylor & Milam for appellee.

JUDGE REES—Affirming.

A. L. Martin brought this action against Mrs. Carrie Lee, Paul Lee and Howard Lee to enjoin the defendants from obstructing a road leading from the plaintiff's farm through the defendants' farm to the Old Volney Road in Logan County. The issue in the case was whether or not the plaintiff had acquired a prescriptive right to use the road or passway. The parties own adjoining farms, and the road in question passes through the Lee farm a distance of about 200 yards. The action was instituted shortly after the defendants erected fences across the road in November, 1946. The defendants in their answer alleged that neither the plaintiff nor his predecessors in title had acquired an easement by

adverse use of the road for a period of fifteen years or more; that any use made of the road over the lands of the defendants was merely permissive; and that the appellee possessed other outlets and there existed no necessity for a passway over the defendants' land. The Circuit Court adjudged that the plaintiff, A. L. Martin, his family, and persons going to and from his farm had used the road continuously for more than fifteen years without permission, and that A. L. Martin had acquired the right to use the same as a passway. The defendants were enjoined from obstructing the road, and were required to remove all obstructions which had been placed thereon. They have appealed.

Appellants concede that the principal question presented by this appeal is one of fact. The evidence for both parties shows that the road in question was used by appellee for more than fifteen years prior to the time it was closed. The question of fact to be determined is whether or not that use was permissive. A. L. Martin purchased his farm consisting of 262½ acres from the New York Life Insurance Company on March 5, 1930. The land formerly belonged to appellee's father, T. N. Martin, who purchased the major part of it in 1905. T. N. Martin during his lifetime executed a mortgage on the land to the New York Life Insurance Company, and when he died in 1925 the land was sold in a court proceeding and purchased by the Insurance Company. There is considerable proof that T. N. Martin and others who lived on the Martin land from 1905 to 1930, when it was purchased by appellee, used the road through the Lee land except for an interval during the 1920's when it was closed by John W. Lee, the owner of the land now owned by appellants. John W. Lee, who died intestate in 1932, was the husband of the appellant Carrie Lee and the father of the appellants Howard Lee and Paul Lee. The witnesses differ as to the length of time the road was closed. Mrs. Carrie Lee fixes the time at ten years, but other witnesses fix it at from two to six years. Be that as it may, the road through the land was opened some time prior to the purchase of the adjoining tract by appellee in 1930. A. L. Martin testified that he used the road continuously without permission from the time he purchased his farm until the appellants closed the road in November, 1946. He

operated automobiles, trucks and wagons over the road, and his neighbors who visited or had business transactions with him used the road without hindrance. P. I. Cornett, a stock trader and neighbor, testified that he had known the road for thirty or thirty-five years, and that it had been open for use by the public going to or from the Martin place for more than twenty years. He used the road several times each year when buying livestock. The road was well marked and showed much usage. M. L. Clifton, a neighbor, testified that the road was open and used by the public generally from 1930 until closed in 1946. Marion Bean lived on an adjoining farm for about forty years, beginning in 1902, and the road through the Lee farm was then being used by owners of the Martin farm, other neighbors and the public generally. Most of appellants' evidence is devoted to two other outlets from appellee's premises to the Old Volney Road, one through his own land and one through the land of others. The outlet through appellee's own land is .9 of a mile in length and the one through appellants' land from appellee's home to the county road is .3 of a mile in length, while the other outlet is much longer. The evidence shows satisfactorily that the outlet through appellee's land and the one through the lands of others are impassable for automobiles and other vehicles during wet seasons. The fact that appellee has other outlets to the county road is immaterial, however, if he has acquired a passway through appellants' land by adverse user. Whitaker v. Million, 246 Ky. 839, 56 S. W. 2d 543; Ray v. Nally, 89 S. W. 486, 28 Ky. Law Rep. 421. There is some evidence for appellants, mostly hearsay, that the road was used with the permission of John W. Lee, particularly during the lifetime of T. N. Martin, father of appellee. Mrs. Carrie Lee admitted that immediately after her husband's death in 1932 and continuously until the road was closed in 1946 the appellee asserted his right to use the road and threatened suit if it was closed. Where a passway has been used continuously and uninterruptedly for fifteen years or more, the burden is upon the party denying the right to prove that it was used only by consent or permission. Haynes v. Dennis, 308 Ky. 483, 214 S. W. 2d 1005; Casey v. Hensley, 245 Ky. 308, 53 S. W. 2d 698. Appellants failed to sustain this burden. The facts in the present case are very similar to those in

574

Brookshire v. Harp, 186 Ky. 217, 216 S. W. 379, where it was held that a prescriptive right to a passway had been shown. We think that the evidence preponderates in favor of appellee, but, at most, the evidence for appellants does nothing more than raise a doubt as to the correctness of the judgment. Under these circumstances, the finding of the chancellor will not be disturbed. Rees v. Dixon, 291 Ky. 379, 164 S. W. 2d 950, 143 A. L. R. 1398.

Counsel for appellants argues that the petition was defective and insufficient to authorize injunctive relief in that it failed to state clearly the requisites of adverse user, and failed to describe the passway in detail. A demurrer to the petition was filed, but was never ruled upon by the court. The defect, if any, was cured by the answer and judgment. White v. Howe, 293 Ky. 108, 168 S. W. 2d 28; Ramey v. Weddington, 268 Ky. 675, 105 S. W. 2d 824; Hickman v. Sewell, 2 Ky. Law Rep. 439, 11 Ky. Op. 153.

The judgment is affirmed.