## LEWALLEN v. DAVENPORT.

Court of Appeals of Kentucky.

Feb. 13, 1953.

Hiram H. Owens, Barbourville, for appellant.

C. B. Upton, William Rose, Williamsburg, for appellee.

CLAY, Commissioner:

Appellee brought this suit to recover damages for the flooding of his property caused by a fill or dam built by appellant. A verdict was directed for appellee, and appellant contends that neither the law nor the evidence justified the judgment.

Appellee owned a lot which adjoined a state highway. Thereon he built a store and grist mill. Adjoining this lot at a lower elevation was the land of appellant. In 1949 the State Highway Department reconstructed the highway and in doing so caused water to drain over appellee's lot, whence it flowed onto appellant's land.

Soon thereafter appellant built a dirt fill 50 or 60 feet long and 5 or 6 feet high to prevent the water from flowing onto his land. This fill backed water into appellee's grist mill and temporarily destroyed its use.

At the trial it appeared conclusively from the evidence that the increased flow of water onto appellant's land was caused by the reconstruction of the road by the Highway Department. Thereupon the court ruled in substance that appellant's possible claim against the Commonwealth constituted no defense to appellee's suit, and appellant was not permitted to introduce further proof except by way of avowal.

Appellant's two-fold theory seems to be that appellee had no right to permit the Highway Department to shift the drainage over his lot, and that in any event, appellant had the right to protect himself by constructing his fill. He further claims that it was appellee's duty to minimize damages and that the verdict was excessive.

We find no merit in any of appellant's contentions. We are cited no authority to the effect that a landowner may intentionally divert the natural flow of water to the damage of a neighboring landowner on the ground that this prevents injury to his land. The law is all the other way. See Stone et ux. v. Ashurst, 285 Ky. 687, 149 S.W.2d 4, and White v. Howe, 293 Ky. 108, 168 S.W.2d 28.

Appellant argues that if appellee had moved his mill or had raised it several feet above the ground it would not have

been flooded, and he could thus have minimized damages. While the mitigation of damage principle is generally recognized, we are doubtful if it is applicable in such a case as this. However, the court submitted that question to the jury, and it found for appellee.

■ With respect to the excessiveness of the verdict, there was evidence of a substantial diminution in the value of appellee's land. He suffered a loss of profits which was specially pleaded, and there was damage to his building and machinery. The verdict of $1,250 does not strike us as excessive.

The judgment is affirmed.