**T. R. WARD and Edith Ward, Appellants,**

v.

**Estill D. STEWART et al., Appellees.**

Court of Appeals of Kentucky.

Dec. 13, 1968.

Richard M. Compton, Todd & Compton, Georgetown, for appellants.

R. L. Vincent, Williamstown, Raymond R. Vincent, Florence, for appellees.

CULLEN, Commissioner.

Appellants T. R. Ward and wife and appellee Estill D. Stewart own adjoining farms. A roadway extends from the Stewart farm across the Ward farm toward Kentucky Highway No. 36. A dispute arose as to the right of the Stewart family to use the roadway and in an action brought by Stewart and other members of his family the circuit court, hearing the case without a jury, adjudged that the Stewarts were entitled to use the roadway both as a passway by prescriptive right and as a way of necessity. The Wards have appealed.

The evidence for the Stewarts was that they had used the passway as their exclusive means of access to the highway since 1919, and that such use had been continuous, uninterrupted and without interference from the owners of the Ward farm until the summer of 1966, when Ward locked the gates. The circuit court found the facts to be as so stated and the correctness of that finding of fact is not questioned. Under the well-established

rule such facts raised a presumption that the use of the passway was under a claim of right and cast the burden on the Wards to show that the use was merely permissive, the presumption being of considerable strength by reason of the long period of time (beyond the minimum prescriptive period of 15 years) during which the use had extended. See Cox v. Blaydes, 246 Ky. 121, 54 S.W.2d 622; Blue v. Haner, Ky., 395 S.W.2d 762.

The evidence offered by the Wards to show that the use was permissive was that (1) there always had been gates across the passway which were maintained by the owners of the Ward farm; (2) in 1957 Stewart asked the then owner of the Ward farm if he would deed him a right to the passway (the request was denied); (3) Stewart's daughter had told Ward that when she was a child attending school (apparently in the early 1930's) the then owner of the Ward farm gave her permission to use the passway across the Ward farm as a route more convenient than the one she had been using across the lands of another neighbor; (4) up until 1957 Stewart did maintenance work on the passway within the Ward boundaries only when the owner "give me authority to do so". Our opinions as to the legal significance of these items of evidence are as hereinafter stated.

■ The fact of maintenance of the gates was indicative of a permissive use, Smith v. Oliver, 189 Ky. 214, 224 S.W. 683, but was not conclusive that the use was permissive only. Casey v. Hensley, 245 Ky. 308, 53 S.W.2d 698.

■ The request for a deed would warrant an inference that at that time and thereafter Stewart was not claiming a *right* to the passway. Shields v. Patterson, 170 Ky. 422, 186 S.W. 142. But we do not consider it to have much weight toward indicating that a right never had been claimed during the *preceding* 40 years of use. And the request for a deed could

mean only that Stewart was hopeful that he could settle his right in that way rather than being compelled to seek a judicial declaration of a prescriptive right.

■ As concerns the evidence of the permission granted to Stewart's daughter as a child the Wards seek to invoke the rule that if the *beginning* of the use was permissive no length of subsequent use, absent some distinct and positive act of assertion of right of which the owner of the servient estate has notice, will ripen into a prescriptive right or even give rise to a presumption of a claim of right. See Stephens v. Hamblin, 195 Ky. 428, 242 S.W. 597. However, we think the rule is not controlling here because of the evidence (which the trial court chose to believe) that the use of the passway *began at least as far back as 1919,* long before the day on which the permission allegedly was given to Stewart's daughter.

■ The evidence that Stewart worked on the maintenance of the roadway only when given "authority" to do so by the owner of the Ward farm is some evidence of permissive use but not of great strength. It is entirely consistent with the idea that since the owners of both farms used the passway as their means of access to the highway, Stewart felt that any maintenance work should be mutually agreed upon.

■ The Wards undertook to show that the Stewarts had never openly asserted any claim of right to the roadway nor even entertained any idea that they had a legal right to it. We do not consider that such evidence is of any weight in the application of the rule of *presumption* of a claim of right arising from a long period of uninterrupted, continued and unexplained use. We conceive that the rule requires the owner of the servient estate to show *affirmative permission* (either by direct proof or by inference) rather than merely show an *absence of affirmative claim of right.*

The trial court found that the evidence introduced by the Wards was not so strong as to overcome the presumption that the use of the passway was under a claim of right. That finding is not clearly erroneous. Accordingly, it is our opinion that the trial court correctly adjudged that the Stewart family had a prescriptive right to continued use of the passway.

Our conclusion on the prescriptive right makes it unnecessary for us to pass on the question of whether the Stewarts were entitled to use the passway as a way of necessity.

The judgment is affirmed.

All concur.