Darrell L. BOGGS and C. S. Phillips, Appellants,

v.

Harry G. BURTON et al., Appellees.

Court of Appeals of Kentucky.

Feb. 4, 1977.

Robert J. Greene, Paintsville, for appellants.

Gene A. Wilson, Louisa, for appellees.

Before WINTERSHEIMER, WHITE and WILHOIT, JJ.

WINTERSHEIMER, Judge.

This appeal was taken from a judgment of the Lawrence Circuit Court which concluded as a matter of law that the use of the Inland Gas Corporation tap on the land of the Burtons, Plaintiffs/Appellees, existed at the pleasure of the Burtons who were entitled to terminate said use by Boggs, Defendants/Appellants, at will. The judgment permanently enjoined Boggs from exercising any control or dominion over the tap.

The Appellees, the Burtons, filed suit in the Lawrence Circuit Court on October 17, 1975, seeking to enjoin the Appellants, Boggs, from exercising any control over a gas line tap, and to a gas line owned by the Inland Gas Corporation, located on land owned by the Burtons. Stipulations of Fact were entered into between the parties and the case was submitted to the trial court on the record. A judgment was entered on February 13, 1976, permanently enjoining Boggs from exercising any control or dominion over the gas line tap. The

court further enjoined Boggs from removing or taking any action with regard to the natural gas pipeline, until such time as a replacement system can be constructed to provide the present users, citizens of Blaine, Kentucky, with natural gas service. A committee of the present users was ordered to administer the interim distribution of natural gas. From that judgment this appeal was prosecuted to the Supreme Court of Kentucky. That Court transferred jurisdiction to the Court of Appeals by an order entered November 29, 1976. This Court affirms the judgment of the Lawrence Circuit Court.

The Burtons are owners in fee simple of a tract of land acquired by inheritance. In 1928, their predecessors in title conveyed to Inland Gas Corporation a pipeline right-of-way over the land in question, and as part of the consideration for the easement the gas corporation granted them the right to tap into any gas line constructed over the property, and to purchase gas at a rate of $.40 per thousand cubic feet. Subsequently, a tap was made and natural gas was piped to the town of Blaine, which was used and still continues to be used, to supply natural gas to approximately seventy residential consumers. The Burtons are responsible for the monthly bill to Inland Gas for all usage from the tap. Prior to December 30, 1943, G. B. Burton appears to have given oral permission to R. Butler to maintain and superintend the distribution of gas to the individual residential users at $.60 per thousand cubic feet. On or about September 30, 1958, another agreement was prepared and executed by Burtons and additional citizens of Blaine for gas at the rate of $.60 per thousand cubic feet. On or about December 30, 1943, R. Butler attempted to make an assignment of certain rights to C. S. Phillips, Appellant, but the document was never signed by R. Butler although it was signed by C. S. Phillips. In February, 1975, Phillips apparently orally transferred title to the gas line to his grandson, Appellant Darrell L. Boggs. At this time Boggs attempted to collect more money for the monthly meter readings and the use of the gas line. Objection was

made and the matter was referred to the Public Service Commission of Kentucky. That body permitted a rate increase for Boggs. This action was brought by the Burtons on October 17, 1975, seeking the injunction. The Public Service Commission made no determination as to the relationship between Plaintiffs and Defendants. The proceeding before the PSC has no relevance to this action, and has no binding affect upon the Plaintiffs or the cause of action before the trial court.

■ The question presented is whether the assignor has a prescriptive easement or whether the use of the gas line tap was permissive.

The gas line tap is a covenant running with the land owned by the Appellees. It existed at the pleasure of the Appellees and their predecessors in title. There is no mutuality of rights or obligations. The Appellees solely are responsible to Inland Gas for all usage.

■ The Appellants rely on an unsigned assignment from R. Butler dated December 30, 1943. This instrument is of no value of any kind as a contractual document. Silence cannot be considered as an acceptance of such a proposed assignment. It cannot be effectively argued that the knowledge of the contents of an instrument attempting to make such an assignment can ripen into adverse possession. The Appellants are straining to bring this case under the authority of *Ward v. Stewart*, Ky., 435 S.W.2d 73 (1968).

The Burtons contend that they have a right to terminate the agreement when Boggs breached the contract by raising the price of gas and the use of the tap was permissive.

■ In order for this Court to overturn the judgment of the trial court, it is necessary for the Appellants to show some abuse of discretion by the trial court or that the judgment below is clearly erroneous. An examination of the record in this case fails to show that there has been any abuse of discretion or that the judgment is clearly

erroneous. The burden of establishing a prescriptive right as distinguished from a permissive use has not been met. The judgment of the trial court is affirmed.

All concur.